## PARSONS v. HEDGES, Sheriff.

1. AGREEMENT AS TO INSTRUCTIONS. When instructions asked by one party were given by the court, under an agreement between the parties that they should be decisive of the case, the Supreme Court will not review the ruling of the court in refusing additional instruction asked by the other party.

2. EVIDENCE IN REPLEVIN: ONUS. Where the plaintiff, in an action of replevin, has established a title *prima facie*, through a purchase of a judgment debtor, before levy of execution, the burden of showing that the sale was fraudulent is upon the defendant. Where the fraud is once established, the Sheriff's right to the possession may be shown by the execution under which it was seized, and the levy of the same upon the property.

3. SAME: DAMAGES. Where, in such cases, the defendant seeks to show the amount of damages sustained, the judgment record is the best evidence of the amount due thereon. The execution is but secondary evidence.

4. ERROR WITHOUT PREJUDICE. The Supreme Court will not reverse a judgment for an error which worked no prejudice to the appellant

### *Appeal from Lee District Court.*

### TUESDAY, OCTOBER 6.

THE defendant, Hedges, as Sheriff, levied upon a lot of lard, as the property of one Reddington, to satisfy an execution against him and in favor of King and Lumerty. The property, at the time it was seized, was in the possession of plaintiff. She claims to be the owner thereof, by virtue of a sale from Reddington to her. Defendants admit that the property was in plaintiff's possession when seized by the sheriff, but claim that the sale by Reddington was a fraudulent one, and therefore, void. Upon this issue there was a trial; verdict for plaintiff. Defendants appeal.

*Brown, Craig and Rogers* for the appellants.

*Rankin & McCrary* for the appellee.

BALDWIN, Ch. J. — Several instructions were asked by defendants and refused by the Court, and of these rulings

appellants complain. We do not think that appellants can insist upon their assignment of error upon these rulings, because it appears from the statement of the Court that the understanding between the parties was, that the instructions asked by the plaintiff and given by the court were to be decisive of the case.

The instruction thus given reads as follows, viz.: " Before the jury can find any damages for defendants, they must be satisfied from the evidence, not only that the property replevied was the property of Reddington, but, also, that defendants, King and Lumerty, have, and had at the time of the levy, a valid unsatisfied judgment against Reddington; and to prove said judgment, defendants must produce the best evidence, that is, they must produce the record of said judgment, or a certified copy thereof, or account in some satisfactory manner for its absence. The execution offered is not competent evidence of the judgment, nor of the amount, date, validity or regularity of the same."

The verdict of the jury was as follows: " We, the jury, find the right of possession in the plaintiff, and assess the damages at one cent." The possession of the property, at the date of the levy was conceded to be in the plaintiff. It is conceded, also, that her title thereto was acquired by purchase from Reddington. Being thus in possession, and having offered evidence to prove her purchase, she had made a *prima facie* case. The burden of proof was then with the defendant, to show the sale a fraudulent one. If the sale was fraudulent, then the Sheriff would have been compelled to show by what right he held the property. This he could do by the writ of execution and the levy thereon.

The possession of plaintiff, when once established as being fraudulent, the defendant would be entitled to a return of the property, upon the introduction in evidence of the writ of execution, and of his levy thereon, without being

compelled to produce the judgment upon which the execution issued; in other words, the plaintiff's title having failed, the writ of execution and the levy thereon was a justification of the taking, and would entitle the officer to a return. But under the Revision of 1860, § 3563, the person entitled to the possession may have a return awarded or a judgment for the value thereof. The instruction given was predicated upon the fact, that the jury should find the possession of plaintiff fraudulent and the defendant entitled to a return or a judgment in damages for the value thereof. In order that the jury may be able to ascertain the amount of damages in such cases, the execution itself is not the best evidence, but reference should be had to the judgment. While the writ is a justification to the officer, yet as to third parties, or to persons not a party to the judgment, the execution is but secondary evidence of the amount due thereon, the judgment being the first and best evidence.

The instruction given, therefore, properly stated the law that should govern in such a case.

But if erroneous, we cannot see how defendants were prejudiced thereby. The main issue in the case was, whether the sale to plaintiff was fraudulent. The defendants having failed to establish this fact, their case falls to the ground. The question as to the amount of defendants' damages was of a secondary character. No damages could be assessed until it was shown that plaintiff's possession was fraudulent.

Affirmed.