## Gowin Wilson *vs.* Julia F. Bucknam.

## Washington.    Opinion December 27, 1880.

*Officer's sale of equity of redemption.    Officer's return.    Public place.*

When the sale of an equity of redemption is postponed it should appear in the officer's return:

1. That he deems it for the interest of all concerned to postpone the sale.
2. That he has given notice of the time of such adjournment by public proclamation as required by R. S., c. 76, § 34.

A return defective by reason of the omission of the above requirements may be amended in accordance with the facts, saving the rights of all persons acquired in good faith before such amendment.

Where the officer in his return states, that a "school house," on which he posted a notice of sale, is a public place, it is sufficient evidence of that fact.

On report.

The case is stated in the opinion.

*J. A. Milliken* and *George Walker*, for the plaintiff.

The officer's return in this case is sufficient to show that the requirements of the statutes were substantially complied with.

In all or most of the cases cited by defendant's counsel the defects were much more gross than those alleged in this case, *e. g.: Crafts* v. *Elliotsville*, 47 Maine, 141; *Smith* v. *Dow*, 51 Maine, 21; *Boynton* v. *Grant*, 52 Maine, 229; *Pratt* v. *Skolfield*, 45 Maine, 386.

But all the alleged defects are amendable and the officer asks leave to amend according to the facts. His petition should be granted. *Glidden* v. *Philbrick*, 56 Maine, 222; *Fitch* v. *Tyler*, 34 Maine, 463; *Whittier* v. *Vaughan*, 27 Maine, 301; *Keen* v. *Briggs*, 46 Maine, 467; *Knight* v. *Taylor*, 67 Maine, 591.

*Joseph Granger*, for the defendant, cited: *Pratt* v. *Skolfield*, 45 Maine, 386; R. S., c. 76, § 34; *Crafts* v. *Elliotsville*, 47 Maine, 142; *Banister* v. *Higginson*, 15 Maine, 73; *Smith* v. *Dow*, 51 Maine, 27; *Williams* v. *Amory*, 14 Mass. 20; *Russell* v. *Dyer*, 40 N. H. 173; *Whittier* v. *Varney*, 10 N. H. 296; *Benson* v. *Smith*, 42 Maine, 414; *Wellington* v. *Gale*, 13

Mass. 483; *Davis* v. *Maynard*, 9 Mass. 242; *Eddy* v. *Knap*, 2 Mass. 154; *Purrington* v. *Loring*, 7 Mass. 388; *Munroe* v. *Reding*, 15 Maine, 153; *Boynton* v. *Grant*, 52 Maine, 229.

The petition of the officer for leave to amend his return and deed is not properly before the court. This case is to be decided on the report made up by the parties to it. The amendment should not be granted for reasons stated in *Hayford* v. *Everett*, 68 Maine, 505. Leave to amend can only be granted at *nisi prius*. R. S., c. 77, § 13; *Crocker* v. *Craig*, 46 Maine, 327; *Thompson* v. *McIntyre*, 48 Maine, 34; *Hewett* v. *Adams*, 50 Maine, 271.

APPLETON, C. J. This is a real action in which the plaintiff claims title by deed as a purchaser of a certain equity of redemption of George A. Bucknam sold on execution against him.

The officer in his return states that on the 16th of November, 1875, he "gave to the said George A. Bucknam in hand a notice in writing that the said right in equity would be sold by public auction, on the 8th day of January, A. D., 1876, at one o'clock in afternoon, at the post office, in Machias, in said county, and on the same day I also posted a like notice, in the town of Addison, on the school house, a public place in said town, and on the same day also a like notice in the town of Columbia on the school house in said Columbia, said town of Addison and town of Columbia being adjoining towns of Columbia Falls, in which said land lies; and on the same day I posted up a like notice at the post office, a public place in the town of Columbia Falls, where the land lies. Also I caused a like notice to be published three weeks before the said time of the sale aforesaid in the Machias Republican, a newspaper, printed in Machias, in said county; and on the 8th day of January, A. D., 1876, I adjourned said sale to the 14th day of said January, to the same time and place, and on the 14th, at one o'clock in the afternoon, I sold at public auction at the post office in Machias, all the right in equity which George A. Bucknam had," &c., &c.

By R. S., c. 76, provision is made for the notice of the time and place of sale of an equity of redemption.

Notice having been given, it is provided by § 34, that "when: the officer deems it for the interest of all concerned to postpone· the sale, he may adjourn it for any time not exceeding seven: days, and so on from time to time until a sale is made, giving· notice at the time of each adjournment by public proclamation,"' &c.

The plaintiff to bring himself within the statute must show a, compliance with its provisions. *Smith* v. *Dow*, 51 Maine, 27 ;: *Russell* v. *Dyer*, 40 N. H. 173 ; *Davis* v. *Maynard*, 9 Mass.. 242. There should be nothing left to inference. It is for the· party claiming under a statute title to establish its validity.

The return does not show that the officer deemed it "for the· interest of all concerned to postpone the sale." This should. appear, for if not for their interest the sale should have been made at the time and place appointed. No sufficient cause is. shown for the adjournment. *Sanborn* v. *Chamberlin*, 101. Mass. 409.

The debtor was notified that the sale would take place on: January 8th, 1876. No notice appears to have been given of the time to which the sale was adjourned, by public proclamation as. the statute directs. The sale took place at a time of which, for· want of such public proclamation, parties interested had no· notice. This omission is fatal. *Hayes* v. *Buzzell*, 60 Maine,. 205.

The point is made that a "school house" is not a public place.. The officer in his return states it to be a public place, which is, sufficient. A shoe maker's shop was held to be a public place in: *Tidd* v. *Smith*, 3 N. H. 179. So a school house, mill and mechanic's shop may be properly regarded as public places, as was held in *Russell* v. *Dyer*, 40 N. H. 173.

The validity of the sheriff's deed depends upon the officer's. return, which must show a full compliance with the requirements. of the statute. *Pratt* v. *Skolfield*, 45 Maine, 386 ; *Wellington* v. *Gale*, 13 Mass. 483 ; *Davis* v. *Maynard*, 9 Mass. 242. "A statute title must always be perfect, that is, every thing which. the law deems essential to transfer the possession from one to another must appear of record to have been done," observes,

PARKER, C. J., in *Williams* v. *Amory*, 14 Mass. 20. The return being fatally defective, the deed becomes ineffectual to pass a title.

It is settled in *Welsh* v. *Joy*, 13 Pick. 477, that a misrecital in a deed of an equity may be aided by the return on the execution.

There is a motion to amend the officer's return by supplying its omissions, such amendment being in accordance with the truth. The amendment may be made accordingly, upon proof of the necessary facts, saving the rights of all persons acquired in good faith before the allowance. *Glidden* v. *Philbrick*, 56 Maine, 222; *Whittier* v. *Varney*, 10 N. H. 291.

The motion to amend was made after the case was reported. It has been argued by both sides. Its allowance necessitates a change in the terms of the report as first made and requires that a trial should be had to determine the validity and good faith of the defendant's title.

*Amendment allowed.*
*Case to stand for trial.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.