ODELL ET AL. V. GALLUP ET AL.

1. **Promissory Note:** ALTERATION: BURDEN OF PROOF. A defendant who admits the execution of a promissory note sued on, but alleges that it has been altered since its execution, has the burden of proof to establish the alteration.

2. **Chattel Mortgage:** FORECLOSURE IN EQUITY: IDENTITY OF GOODS: EVIDENCE. Where G. mortgaged a certain building and the stock of goods therein to plaintiff, and afterwards removed the goods to another building, and then made a second mortgage of the goods to W., describing them as situated in the second building, in an action against G. and W. to foreclose the first mortgage, *held* that plaintiff was properly permitted to prove the removal and identity of the goods, without any allegations of removal and identity in his petition.

3. ———: PRIORITY: PRESUMPTION. Where a chattel mortgage was made upon a stock of goods, and afterwards another mortgage was made to another upon the same stock, and it appeared that *some* of the original goods were on hand when the second mortgage was made and when the action for foreclosure of the first mortgage was begun, and it did not appear what, if any, goods had been added to the stock, or the value thereof, *held* that, since the court is unable to determine that the first mortgage did not cover *all* the remaining goods, it must be given priority over the second mortgage as to all.

*Appeal from Dallas Circuit Court.*

FRIDAY, DECEMBER 7.

ACTION to foreclose a chattel mortgage. The relief asked by the plaintiffs was granted, and defendants appeal.

*White & Clark* and *Barcroft, Bowen & Sickmon,* for appellants.

*D. W. Woodin,* for appellees.

SEEVERS, J.—In May, 1881, the defendant, Gallup, executed a chattel mortgage to I. M. Murray, deceased, on property described as follows: "A certain frame building ＊ ＊ ＊ on lot 1, Block 16, Adel, Iowa, privilege being given the mortgagor to remove the same to any other lot in

Adel, Iowa; also all furniture, of whatever nature or kind, located and being in said building, and being the stock in trade of said mortgagor; privilege being given to said Gallup to sell and retail any of said furniture, and to add thereto as he may deem best. It is also agreed that said E. Gallup shall keep said stock fully up to present amount on hands." The mortgage was given to secure a promissory note for $300, given for money borrowed. Said note was due in one year after date. While the note on its face was for the amount above stated, a credit of $67 was endorsed thereon, as of the date the note was given, so that in fact the amount due was $233. About the time the note became due, Murray let Gallup have $67 more money, and the note aforesaid was taken up and a new note for $300 was given. The mortgage was not released, and it was the understanding between Gallup and Murray that it should stand as security for the new note. The petition states that the defendant, White, trustee, claims some interest in the mortgaged property adversely to " plaintiffs, by virtue of a certain chattel mortgage execute by E. Gallup to him, June 30, 1882, and recorded in book 56, on page 55, of chattel mortgage records in Dallas county, Iowa." A copy of such mortgage was attached to the petition and made a part thereof. In an amendment to the petition it was stated that said White, trustee, also claimed an interest in said property adversely to plaintiff, under a mortgage executed subsequently to the one last above referred to.

The defendant, Gallup, denied the execution of the note and mortgage under which plaintiffs claim, and the defendant, White, denied the allegations of the petition. The case is triable anew in this court.

I. As to the defense pleaded by Gallup. He admitted on the trial that he executed the note and mortgage, and, as 1. PROMIS- we understand, simply claims that the date of the SORY note: note has been altered since its execution. Con-burden of proof. ceding that such defense was pleaded, the burden was on Gallup to establish it. This, we think, he has failed to do by a preponderance of the evidence.

II.  As to the defendant, White, trustee.  The mortgage under which plaintiffs claim was duly filed for record and re-corded.  White had constructive notice.  The money secured by the mortgage has never been paid.  The plaintiffs are entitled to have it fore-closed and the mortgaged property sold, unless White has shown some reason why this should not be done. No affirmative defense was pleaded by him.  Evidence, how-ever, was introduced, which he claims shows that as against him plaintiffs' mortgage should not be declared the prior lien on the property in controversy.

2. CHATTEL mortgage: foreclosure in equity: ident-ity of goods: evidence.

After the execution and filing for record of the mortgage under which the plaintiffs claim, Gallup executed certain mortgages to White, trustee.  The property mortgaged· is therein described as follows: " All my stock of furniture and merchandise of whatever kind now in my possession in the store building on the following real estate: Commencing 88 feet west of the southeast corner of lot No. 8, in Block No. 13, in the town of Adel," etc.

It is said that the mortgage under which plaintiffs claim is on one stock of goods, and White's upon another, because they are described as being in buildings situate upon differ-ent lots and blocks in the same town, and that there is no al-legation in the petition which states that the goods had been removed from one store to the other, or that the same goods were included in all the mortgages.

The petition seeks to foreclose a mortgage on certain goods, and it is therein stated that White claims an interest in the goods under a mortgage recorded in a certain book, etc., and a copy of the mortgage is attached to the petition.  This mortgage was introduced in evidence by Mr. White.  But for this it would not have appeared that White had any such in-terest as entitled him to the protection of the court.

It further appears in evidence that the goods, or a part of them, described in plaintiffs' mortgage, were removed from the building therein described, and placed in the building de-

scribed in White's mortgage, before the latter was executed. This evidence is objected to, because there is no allegation in the petition of such removal. White, as has been stated, did not plead any affirmative defense, nor did he disclaim having an interest in the mortgaged property. On the contrary, by the introduction of his mortgage in evidence, he claimed an interest. Now the question is whether the property described in the mortgages is the same. We think evidence may be introduced showing this fact, in the absence of any allegation in the pleadings. The only question is one of identity. The property is described differently in the mortgages, but it is in fact the same. Clearly, we think, evidence may be introduced so showing, and evidence showing the removal from one building to the other is admissible for this purpose.

III. But, it is said, plaintiffs must show that all the goods described in the White mortgage are described or included in

3. ——: pri-ority: presumption. plaintiffs' mortgage. The evidence as to this is indefinite and uncertain. After the execution of the mortgages, goods were sold at retail in the usual way, and other goods purchased. But the evidence fails to show the description or value of the goods so sold and purchased. It, however, appears that the goods described in plaintiffs' mortgage were of the value of about $400, and at the time White's mortgage was executed there was on hand of said goods "from $200 to $300 (worth), maybe a little more." The evidence fails to show the value of the goods on hand at the time of the trial. It does not certainly appear that any goods were purchased after the execution of White's mortgage. It is said the plaintiffs' mortgage does not cover after acquired property. Its provisions are different from those contained in the mortgages in *Scharfenburg v. Bishop*, 35 Iowa, 60; *Stephens v. Pence*, 56 Id., 257; and *Phillips & Son v. Both*, 58 Id., 499; but the provisions as to after acquired property are more nearly like the latter than either of the former cases. It is, therefore, regarded as doubtful whether such property is covered thereby.

But it satisfactorily appears that some of the property included in plaintiffs' mortgage was on hand at the time White's mortgage was executed, and as it does not appear what, if any, goods have been added to the stock, or the value thereof, we feel compelled to say that the plaintiffs are entitled to priority, for the reason that we are unable to say that there are any goods in controversy which plaintiffs' mortgage does not cover; and the evidence clearly shows that it does cover at least some of the goods on hand, and, for aught we can possibly tell, it covers all of them.

AFFIRMED.