Campbell v. Wheeler.

---

CAMPBELL v. WHEELER.

1. **Chattel Mortgage**: FORECLOSURE: PLACES OF POSTING NOTICES. where a chattel mortgage provides that, in case of foreclosure, notices of the sale shall be posted in three public places in the county, this requirement may be met by posting in *any* three public places in the county; and an instruction from which the jury might infer that, if one of the notices was posted at the court-house, it would be insufficient, unless it was posted at the *front* of the court-house, *held* erroneous.

2. ———: ———: DUTY TO RETURN SURPLUS PROPERTY. Where property-
under chattel mortgage is taken to be sold for the satisfaction of the
secured debt, and the necessary amount is realized by the sale of a part
only of the property, it is not the duty of the mortgagee to return the
residue, at his own expense, to the mortgagor, but only to hold it sub-
ject to his order.

3. ———: ———: SALE UPON NOTICES IMPROPERLY POSTED. A sale of
mortgaged chattels by the mortgagee, without the posting of any notices,
or without having posted them in the manner stipulated in the mort-
gage, will not invalidate the title of the purchaser at such sale; and the
only remedy of the mortgagor for such irregularity is by an action for
damages against the mortgagee. See opinion for authorities.

*Appeal from Cerro Gordo District Court.*

WEDNESDAY, OCTOBER 20.

PLAINTIFF brought this action to recover the value of cer-
tain personal property which he alleges defendant unlawfully
and wrongfully carried away and converted, and the cost and
expense of carrying back to his farm certain other property
which defendant removed therefrom. Defendant answered
that he took possession of said property under four chattel
mortgages, given by plaintiff to secure certain debts he was
owing him, and that he foreclosed said mortgages, and sold
sufficient of the property to satisfy the indebtedness. In
his reply plaintiff averred that the alleged sale of the prop-
erty was void, for the reason that it was not properly adver-
tised, and that an amount of said property was sold by
defendant in excess of the debts secured by the mortgages,
and that defendant had received said excess, and converted it
to his own use. The verdict and judgment were for plaint-
iff, and defendant appeals.

*Glass & Hughes* and *L. S. Butler,* for appellant.

*Blythe & Markley* and *Stanbery & Clark,* for appellee.

REED, J.—On the seventeenth of February, 1881, plaint-
iff and his wife executed to defendant their promissory note

for $542.68, and gave a chattel mortgage to secure the same. This note and mortgage, as is shown by a memorandum written on the back of the note, were given as security for five other notes previously executed, and for any book-account or other claim that defendant might hold against plaintiff during the years 1881 and 1882. Three of the promissory notes mentioned in said memorandum were also secured by chattel mortgages on the same property covered by the mortgage given on the seventeenth of February. Each of said mortgages contained the provision that, upon the failure of the mortgagor to pay the debt secured thereby at maturity, the mortgagee might take the property, and sell it at public sale, after giving ten days' notice of the time and place of sale, by posting up written or printed notices in three public places in the county. Defendant claimed that there was a balance due him on the said notes, and on an account which accrued after the seventeenth of Feburary, 1881; and on the sixteenth of March, 1882, he took possession of the property, and removed it from plaintiff's farm, and on the twenty-seventh of the same month he sold a sufficient amount of it, at public sale, to satisfy the alleged balance. The portion not sold was subsequently taken possession of by plaintiff, and moved back to his own premises.

I. A question in the case was whether defendant advertised the sale in the manner prescribed in the mortgages. 1. CHATTEL mortgage: foreclosure: places of posting notices. Plaintiff claimed that the only notice posted up by defendant was of a sale under the mortgage given to secure one of the notes executed prior to the seventeenth of February, 1881, and that nothing remained due on that note at the time of the sale. Defendant introduced a witness who testified that he prepared notices of a sale under each of the mortgages, and posted them up in three public places in the county, one of which was at the court-house; but he did not designate the particular place in or about the building where said notice was posted. The district court gave the following instruction:

Campbell v. Wheeler.

"If the notices required by the mortgages to be given prior to the sale were not posted as required, the sale would be invalid; but if you find that three notices of the time and place of the sale and description of the property were posted in three public places in the county, one of which was *at the front of the court-house*, as to each of the mortgages, it would be a valid sale, so far as the notices were concerned." By the first clause of this instruction the jury were told that the posting of notices in the manner prescribed by the mortgages was essential to the validity of the sale, and in the latter clause the court undertook to instruct them as to what would be a sufficient posting of the notices. They were told that if notices as to each of the mortgages were posted in three public places in the county, and one of said places was the front of the court-house, it was sufficient. The jury would naturally understand from this that the sale was invalid, unless the notices were posted at the front of the court-house. The provision of the mortgages, however, required only that they be posted in three public places, and this requirement would be met if they were posted in any three public places in the county. It was only necessary that the place in or about the court-house where they were posted should be a public place. We think, therefore, that the instruction was misleading. Under it the jury may have found the sale invalid, even though the notices were all posted in public places.

II. The district court also instructed the jury that it was defendant's duty to return the property remaining unsold, after the satisfaction of the debt secured by the mortgages, to plaintiff's premises, and that plaintiff was entitled to recover reasonable compensation for the labor and trouble of returning it. We think this instruction is erroneous. Defendant had the right, under the mortgages, to take possession of the whole of the property, and remove it from plaintiff's premises. Until such time as his debt should be satisfied, he had, as against,

2. ___; ___. duty to return surplus property.

Campbell v. Wheeler.

plaintiff, the right to the absolute possession of it. But when he had sold a sufficient amount of it to satisfy the debt, and pay the costs and expenses of the proceedings, all right or interest in the portion remaining unsold ceased. From that time he held it for plaintiff, and was bound to surrender it to him on demand. But he was not bound to carry it back to his premises. The cost and expense of returning it to plaintiff's premises were occasioned by the proceeding to enforce the collection of the mortgage debt, and are no more chargeable to defendant than any of the other legitimate costs or expenses of the proceeding.

III.   There was evidence tending to show that the amount realized from the property sold was less than its fair market value, and the jury were instructed that, if defendant made the sale without having posted the notices as required by the mortgages, he was answerable to plaintiff for its value. The giving of this instruction is assigned as error. The position of counsel is that, if defendant made the sale without having posted the notices as required, plaintiff was not thereby divested of his equity of redemption in the property, and consequently that his only remedy is an action in equity to redeem. In *Edwards v. Cottrell*, 43 Iowa, 194, the mortgagee, having the power to sell the mortgaged property upon default in payment, bartered it for other property, and it was held that the transaction operated to transfer to the purchasers only the lien created by the mortgage, and the property in his hands remained subject to redemption by the mortgagor. The ground upon which the holding is placed is that the only power of disposal conferred by the mortgage was to sell the property for cash, and consequently the mortgagor could be divested of his interest in it only by such sale. But in the present case there was a sale of the property for cash. Defendant was in the rightful possession of it, and was clothed with the legal title, and had power to sell it, and convey the title to a purchaser. He was required to advertise

*Margin note: 3. ——: ——; sale upon notices improperly posted.*

the sale in the manner prescribed in the mortgages, it is true. The power to sell, however, was not dependent on the giving of the notices, but was conferred by the mortgages. A sale without having posted the notices would not, therefore, be invalid, in the sense that it would confer no title upon the purchaser under it, but, on the contrary, he would acquire a perfect title to the property; and plaintiff would thereby be divested of all right and interest in it. This view is sustained by the following authorities. *McConnell v. People*, 84 Ill., 583; *Waite v. Dennison*, 51 Id., 319; *Hungate v. Reynolds*, 72 Id., 425. See, also, Jones, Chat. Mortg., § 793. The only remedy open to plaintiff, then, would be in an action at law for damages. We think, therefore, that the instruction in question is correct.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

REVERSED.