## J. E. ROACH ET AL *v.* CITY OF EUGENE.

[ S. C. 31 Pac. Rep. 825. ]

1. STREET IMPROVEMENTS — NOTICE TO BIDDERS. — A posted notice of the letting of a contract to make a street improvement, stating that bids will be received by the street committee at the city recorder's office until a specified date, according to an ordinance requiring such bids to be let to the lowest bidder, and that the grading is to be completed within sixty days, and the graveling within ninety days, from the date of letting the contract, sufficiently states the time when, and the place where, the contract is to be let, as well as the time within which it is to be performed, within a provision of a city ordinance requiring such statement in published or printed notices.

2. IDEM — PUBLIC PLACES. — A city recorder's certificate, reciting that he posted copies of a notice of the letting of a contract for a street improvement on the bulletin board at the city hall, and at the court house, and on the northwest corner of a certain person's brick building situated on the corner of two designated streets, sufficiently shows that copies of the printed notices were posted in three public places. This term is a relative one, but in general it is a place where a posted notice is likely to be seen and known by the community.

Lane County: MARTIN L. PIPES, Judge.

Defendant appeals.　Reversed.

*Geo. B. Dorris (J. J. Walton,* and *E. R. Skipworth* on the brief), for Appellant.

*A. E. Gallagher,* for Respondent.

LORD, C. J.— This is a petition for a writ of review to examine into the legality of the proceedings of defendant in making certain improvements by grading and graveling a part of Madison Street in the city of Eugene, etc. A return was made to the writ, and a trial had thereon, which resulted in a judgment in favor of plaintiffs declaring such proceedings irregular and void. From this judgment defendant has appealed to this court.

The petition *inter alia* recites that plaintiffs are owners respectively of separate pieces of property in the city of Eugene, and that defendant by an ordinance declared the cost of improving the street in front of such property a lien thereon, and that defendant threatened and was about to enforce such lien by sale of said property, and prayed for an order directing the city recorder, who had charge of the record and proceedings of defendant, to return into said court a certified copy of that part of all ordinances pertaining to the establishment of a grade, grading, and graveling, and levying assessments upon the property along Madison Street, etc., and particularly such parts of ordinances Nos. 164, 166, and 184 as relate to said Madison Street, together with a certified copy of the notice to contractors of the letting of the contracts, etc., and the proof of posting the same, etc., pursuant to ordinance No. 166, together with a certified copy of all records and minutes of all proceedings had by the common council of defendant pertaining to the grading and graveling of said street, etc.

The contention for plaintiff involves substantially two points: *First*, that the notice of the letting of the contract to make such improvements is fatally defective; and, *second*, that the proof of posting the same is insufficient. The notice to contractors and property owners along Madison Street is as follows:—

"Notice is hereby given, that pursuant to an order of the common council, July 30, 1891, bids will be received by the street committee at the recorder's office until 7

o'clock P. M., August 11, 1891, to grade and gravel Madison Street from Eight Street to north side of Cheshire Street, according to the provisions of ordinance No. 166, passed by the common council, July 30, 1891, said grading to be completed within sixty days, and the graveling withing ninety days, from the date of the letting of the contracts. The grading and graveling will be let in separate contracts. All work to be done under the supervision of the street committee, etc. Bonds will be required for the faithful performance of the contract. The committee reserves the right to reject any and all bids.

"B. F. DORRIS, Recorder.

"WM. PRESTON, Chairman St. Com.

"Dated Eugene, July 31, 1891."

Section 70 of the defendant's charter provides that "no contract to grade or gravel any street or alley shall be let till after the recorder, by order of the common council, shall have given ten days' notice thereof by publication in some newspaper published in the city of Eugene, or by posting notice thereof in three public places in said city not less than ten days prior to the time of letting such contract." Section 71 provides that "such notice shall state the time when, and place where, said contract will be let, and refers to the ordinance providing for the improvement of such street or alley by number, and the date of its passage, and shall specify what part of such improvement or repair shall be let in one contract, and the time within which the same shall be required to be done." Section 72 provides that "the owners of two-thirds of the property adjacent to such street or alley, or part thereof, to be improved, have the right to make and file with the recorder a written remonstrance against the proposed improvement or repair at any time on or before the last two days preceding the day stated in said notice for the letting of such contract."

1. The grounds of the objection to the validity of the notice are, (1) that it does not state, as the charter re-

quires, the time when, or the place where, the contract will be let, or (2) the time within which the work is to be done. The argument is that the notice states that bids will be received for letting the contracts to make such improvements, but that it does not state when or where the bids will be examined, or the contracts let; that receiving bids is an entirely different thing from letting the contracts. In effect, the notice states that bids for letting the contracts for grading and graveling the street according to the provisions of the ordinance, will be received by the street committee at the recorder's office until August 11, 1891. The place where such bids will be received for letting of the contracts, and the time when the receiving of them will expire, are stated; the place is the recorder's office, and the time is the eleventh of August, 1891. Now, section 69 of the charter of defendant requires that the grading and graveling of any street is to be let by contract to the lowest responsible bidder. So that on the eleventh of August, 1891, when the time fixed for receiving bids expired, the lowest responsible bidders became entitled to have the contracts awarded to them. It may be that such contracts were not made out and executed until the next day, as the record discloses, but the eleventh of August, 1891, fixed the time or date when the bids would disclose the contractors who would be entitled to the contracts.

The notice as given states that the grading must be completed within sixty days, and the graveling within ninety days, from the date of letting the contract. At the time specified when the bidding would close, the lowest bidders being entitled to the contract, would understand when the contract for such grading and graveling must be completed and to make their arrangements to fulfil them. In *Kneeland* v. *Furlong*, 20 Wis. 437, under a charter requiring that due notice shall be given of the time and place of letting the contract, and the notice to contractors stated that "sealed proposals will be received by the undersigned till Wednesday, the sixteenth instant,

at 6 o'clock P. M.," etc., no question was raised that the requirements of the charter were not complied with. Our conclusion, then, is, that the notice does state the time when, and the place where, the contract is to be let to the contractors, or lowest bidders, as well as the time within which such contracts must be performed. This result likewise disposes of another objection,—namely, that the property owners are deprived of their right to remonstrate and to be heard, as given by section 73, because it is based on the assumption that the notice does not specify the time and place where the contracts are to be let, which we have shown is incorrect.

2.   The next contention is that the certificate of the recorder does not state the facts which show that copies of the printed notice were posted in three public places. His certificate recites that he posted copies of the printed notice in three conspicuous places in the city of Eugene, to wit: "On the bulletin board at the city hall, and at the court house, and on the northwest corner of A. V. Peter's brick building, situated on the corner of Willamette and Eighth Streets." It would be difficult to conceive any statement of facts that would better indicate or show that a notice was posted in a public place than the statement that it was posted on the bulletin board at the city hall, or at the court house, or on a store on the corner of two public streets.

In *Campbell* v. *Wheeler*, 69 Iowa, 588 (29 N. W. Rep. 613), it was held that the posting of a notice on a court house, though not on the front thereof, was a compliance with the law requiring posting in a public place. In *Wilson* v. *Bucknam*, 71 Me. 545, an officer stated in his return that a school house on which he posted a notice was a public place, and it was held sufficient evidence of the fact. A public place is a relative term. The manifest object in posting a notice is to attract attention to it; and if it is posted at a place where it would be likely to attract the public attention, so that its contents may become known to the community, such a place should be

considered a public place. Hence, within the meaning
of the various statutes requiring notice to be posted in a
public place, a place where the citizens frequently meet,
or resort, or have occasion to be, is construed to be
a "public place;" that is, a public and proper place
for posting notices which is likely to give the information
designed to be conveyed by it to those interested; and in
what way could this have been better attained than by
setting up the notices in the places indicated in the cer-
tificate? As the notices were not defective in the partic-
ulars challenged, and were duly posted, the defendant
acquired jurisdiction, and was authorized to make the
improvements in the manner provided in the ordinance.

The judgment is reversed.