MYERS, TICE & COMPANY, Appellants, v. G. F. SNYDER, Appellee, and ELSIE SNYDER, EUGENE GARN AND L. A. MITCHELL, Defendants.

**Chattel Mortgage:** DESCRIPTION. It may be shown by parol that the
1  words "all the fixtures" contained in a mortgage cover certain show cases, counters and wall case.

ESTOPPEL. When there is question whether it was intended to cover
2  certain property by mortgage it may be shown that the mortgagor did not own it, but if it is clear that it was the intention to cover that property, the maker of a mortgage upon it is estopped to deny that he was its owner when the mortgage was made.

**Private Sale.** Where a mortgage authorizes private sale, the mort-
3  gagee should not, without a showing of bad faith, be charged with more than the net amount realized from such sale, no matter at what the goods have been appraised. But if sale be made under said authority and without statutory foreclosure the mort-
4  gagee is not entitled to be reimbursed for sheriff and appraisment fees.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

MONDAY, OCTOBER 21, 1895.

Suit in equity to enforce a certain chattel mortgage, executed by G. F. Snyder to plaintiffs, to secure a certain note in the sum of five hundred dollars. From a decree refusing the foreclosure of the mortgage, plaintiffs appeal.—*Reversed.*

*C. Nichols* for appellants.

No appearance for appellee.

Deemer, J.—On the nineteenth day of July, 1892, the defendant G. F. Snyder executed to plaintiffs a promissory note for the sum of five hundred dollars, due one year after date, with interest at the rate of seven per cent. per annum. On the back of the note were the following indorsements: "See mortgage securing this note and the covenants therein contained." Vinton, Iowa, November 28, 1892. This note given to secure one hundred and fifty-one dollars and fifteen cents, and future purchases not to exceed five hundred dollars. I now owe Myers, Tice & Co. two hundred sixteen and 35-100 dollars, now due, to date. G. F. Snyder." "Received from sheriff, on sale of property, February 13, 1893, sixty-five dollars and thirty-four cents." At the time of executing this note, Snyder also executed a mortgage purporting to cover the following described property to-wit: "All the certain stock of cigars, tobacco, pipes, etc., including the entire stock of every name and nature, also all the fixtures of every name and nature, contained in the storeroom where said stock is located, said stock and fixtures being now located in the Williams brick store building, south of the postoffice in Vinton, Benton county, Iowa. Mortgagor to have privilege of selling the goods in stock in the regular course of trade." The mortgage also contained a provision that, "in case of non-payment of the note when due, then the said Myers, Tice & Co. shall have full power to enter upon the premises of the said G. F. Snyder, the party of the first part, or any other place or places where the goods and chattels aforesaid may be, to take possession of said property, to sell the same at public or private sale, and avails

(after deducting all expenses of the sale and keeping
of said property) to apply in payment of the above
debt, and in case the said Myers, Tice & Co. shall at
any time, in their own discretion, deem themselves
unsafe, it shall be lawful for them, and they hereby
are authorized and empowered to take possession of
said property, and to sell the same at public or pri-
vate sale, previous to the time above mentioned, for
the payment of said debt, applying the proceeds as
aforesaid, after deducting all the expenses of the sale
and keeping of said property." Some time early in
the year 1893, the plaintiffs took possession of the
stock of goods and some of the fixtures covered by the
mortgage, and sold the same at private sale to one
J. A. Mitchell, for the sum of one hundred dollars.
Of this amount the sheriff retained the sum of six dol-
lars as his fees, paid the appraiser twelve dollars and
sixteen dollars and sixty-six cents as rent for the
building in which the stock was kept, which was due
at that time, and indorsed the remainder upon the
note. On the thirty-first day of August, 1893, plaint-
iffs commenced this suit to recover the balance due
on the note, and in the petition asked a foreclosure
of the chattel mortgage upon the following property,
which they claim is covered by the mortgage, to-wit:
"One 8-foot No. 71 oak case and counter, P. P. glass
in case; zinc racks and pans; one 8-foot No. 71 oak
case and counter, P. P. glass in case; one 8-foot No. 55
wall case, 24x48, beveled French mirror; frame and
base to match fixtures." They alleged that all of said
property was, at the time of giving the mortgage, a
part of the furniture and fixtures of the store in which
the defendant was conducting his business, and that
it was covered by the chattel mortgage. To this suit
E. E. Snyder, L. A. Mitchell, and Eugene Garn were
made parties defendant. Garn was not served with
notice, and did not appear; but Mitchell and E. E.

Snyder filed disclaimers, and the suit proceeded against defendant G. F. Snyder upon an answer filed by him, which, among other things, contained the following: "Paragraph 2. He denies * * * that the chattel mortgage given by this defendant to plaintiffs covered the goods and chattels described in the petition, * * * and alleges the fact to be that he was not the owner, at the time the said chattel mortgage was made and delivered to plaintiff, of the property described, as plaintiffs well knew." Defendant further alleged that plaintiffs took possession of a large amount of goods and chattels, consisting of tobacco, cigars, pipes, and other goods in stock, and certain articles of furniture and fixtures belonging to him, which they disposed of in some manner unknown to defendant; and he asks that the value be ascertained, and the amount credited upon the note. To the second paragraph of the answer, plaintiffs pleaded that, at the time of execution of the mortgage, defendant was in possession of, and claimed to be the owner of, the property described in the petition, and that, in executing the mortgage, it was the intention of both plaintiffs and defendant that the mortgage should cover this property; and they say that defendant is barred and estopped from claiming that he did not own the property, and that he did not intend the mortgage to cover it. The lower court rendered judgment for plaintiffs for the sum of fifty-four dollars and fifty-two cents, but refused to foreclose the mortgage, and plaintiffs appeal.

The mortgage, foreclosure of which is sought, does not specifically describe the property. It covers it, if at all, by the general term, "All the fixtures of every name and nature contained in the storeroom where said stock is located." We think the description is broad enough to cover

the property, and it is well established that parol tes
timony is admissible for the purpose of identifying it.
*Odell v. Gallup*, 62 Iowa, 253 (17 N. W. Rep. 502);
*Smith v. McLean*, 24 Iowa, 322.   The testimony estab-
lished beyond all question that both parties intended
the mortgage to cover the property which is the sub-
ject of this foreclosure.   We have not overlooked, in
this connection, the testimony showing or tending to
show that G. F. Snyder was not the owner of this
property at the time the mortgage was executed, and
that, in fact, it belonged to his wife, E. E. Snyder (and
we may remark, parenthetically, that such testimony
is only admissible upon this branch of the case); but
we think it clearly appears that both plaintiffs' agents
who took the mortgage, defendant G. F. Snyder, and
the scrivener who drew the instrument, intended to
cover the property in dispute by the description con-
tained therein.

II.   If the parties did intend to cover this prop-
erty, then it is clear that defendant Snyder, the mort-
gagor, is estopped from saying that he was not
the owner of it at the time he made the mort-
gage.   Having represented it to be his by the
making of the mortgage, he cannot now be heard to
say that it belonged to some other person.   This prop-
osition is so elementary as to scarcely need the cita-
tion of authorities.   But see Jones, Chat. Mortg. sec-
tion 480; *Adams v. Wildes*, 107 Massachusetts, 123.
The testimony adduced on the question of ownership
of the property was competent and material only for
the purpose of showing that it was not intended that
the description found in the mortgage should cover
the property in question.   As against the defendant
Snyder, there should have been a foreclosure of the
mortgage.   The decree will not, of course, be binding
upon a purchaser of the property from the true owner,

in the event it should be ascertained there is such purchaser, and that defendant was not in fact the owner, for the purchaser is not made a party in this proceeding.

III.    Complaint is made of the amount found due plaintiffs by the lower court.    Defendant admitted, in writing, on the back of the note, an indebtedness of two hundred and sixteen dollars and thirty-five cents. Plaintiffs took possession of the stock of goods and part of the fixtures under their mortgage.    The stock was appraised at the sum of one hundred and seventy-three dollars and fifty cents, and the fixtures are said to be worth in the neighborhood of thirty dollars. They sold the same at private sale for the sum of one hundred dollars, and, after deducting costs and expenses, applied the balance on the mortgage.    It is said that the lower court charged plaintiffs with the full appraised value of the fixtures, and credited them with the costs of appraising and keeping the property, amounting to thirty-four dollars and sixty-six cents and found the balance due plaintiffs to be fifty-four dollars and thirty-two cents.    We think the objection to this calculation is good.    There was no statutory foreclosure of the mortgage by notice and sale. What was done in this direction was in pursuance of the terms of the mortgage, which, as we have seen, authorized a sale of the mortgaged property, either public or private, at any time the mortgagees saw fit, to satisfy the amount due or to become due, applying the proceeds, after deducting all expenses of the sale and keeping of the property, to the payment of the debt.    There is no evidence of any want of good faith on the part of the plaintiffs in conducting this sale.    They seem to have obtained all they could for the property.    At least, there is no evidence of bad faith in the matter.    And under such circumstances they should not be held for more than

the amount realized from the sale. *Gear v. Schrei,* 57 Iowa, 666 (11 N. W. Rep. 625); *Campbell v. Wheeler,* 69 Iowa, 588 (29 N. W. Rep. 613); Jones, Chat. Mortg. section 793; *Rose v. Page,* Michigan, 46 N. W. Rep. 227.

There was no occasion, however, for any sheriff's fees; for, as we have said, the foreclosure was not statutory. Nor do we see any need for an appraisement. It does appear, however, that there was sixteen dollars and sixty-six cents rent due for the use of the building in which the goods were stored, and, as this was a prior claim, it should be deducted from the one hundred dollars, leaving the sum of eighty-three dollars and thirty-four cents to be applied on the amount due. This will leave a balance due, October 1, 1895, of one hundred and sixty dollars and twenty-six cents, for which amount, with statutory attorney's fees and costs, plaintiffs are entitled to judgment. They are also entitled to a decree foreclosing their mortgage, as against defendant G. F. Snyder as prayed. The cause will be reversed, with directions to the lower court to enter this judgment and decree; or, at plaintiff's option, exercised within forty-five days from the filing of this opinion, they may have such a judgment and decree in this court. —*Reversed.*