F. BRODY, Appellant, v. M. J. COHEN, as Constable, and Another Case Between Same Parties,—the two Being Consolidated.

|106  309|
|111   29|

|106  309|
|115  366|

|106  309|
|117   72|

**Landlord and Mortgagee:** LIEN AND POSSESSION. Where the mortgagee of property on which there is a prior lien for rent, not yet enforceable, takes possession of the property, after which the lien becomes enforceable, the landlord can, by virtue of his writ, take the property from the mortgagee.

REPLEVIN. A mortgagee took possession of certain property under his mortgage, which belonged to a lessee, and removed it from the leased premises. Before the expiration of the lease and after the removal, rent became due, for which the landlord brought action against the lessee, without making the mortgagee a party and caused a landlord's attachment to be levied on the property. *Held*, that the mortgagee could not, by replevin, recover possession of such property from the officer levying the attachment, since while the lien was being enforced, the right of possession for that purpose became fixed in the landlord.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

WEDNESDAY, OCTOBER 12, 1898.

REPLEVIN for the possession of two safes, being a part of a stock of goods. The basis of plaintiffs claim is two chattel mortgages. The defendant's claim to the possession is that, as constable, he took possession of the safes by virtue of a landlord's attachment issued out of a justice's court in a suit wherein William Johnson was plaintiff and C. W. Chittenden was defendant. The cases involve less than one hundred dollars, so that they come to us on certificates from the trial judge. The certificate embraces two questions, but we see no difference in the two, as legal propositions, and hence we set out one, as follows: "(1) Where one leased certain premises, under which the lessee took possession, with a stock of goods and furniture not exempt from execution, and while

said stock of goods was on said premises in said lessee's possession, during the time of said lease, said lessee executed two chattel mortgages on said stock of goods, which are unsatisfied; and thereafter the mortgagees took possession of said stock of goods under and by virtue of said mortgages, and removed the same from said leased premises, with the knowledge of the lessor, and without objection on his part, and retained possession of the same until taken from him by said writ hereinafter mentioned; and before the expiration of said lease, and some time after said removal, rent became due under said lease, and the lessor brought an action by landlord's attachment against the lessee to recover the matured rent, without making the holder of the mortgages party to the action, and caused a writ of landlord's attachment to be levied on said property,—can the holder of said mortgages recover possession of said property as against the officer executing the said writ, by action of replevin, as provided for by statute to recover possession of specific personal property, and has he the right to recover in an action for possession of said property as against the officer holding the property under and by virtue of the writ of landlord's attachment?" There was a judgment for defendant, and the plaintiff appealed.— *Affirmed.*

*Ayers, Woodin & Ayers* for appellant.

*Read & Read* for appellee.

GRANGER, J.—I. It is the right of possession, not of ownership, that is involved in the inquiry. That right depends, not on ownership, but on liens, one being that of a landlord, and the other that of a mortgagee. The landlord's lien is prior in point of time, because the goods were on the leased premises before the mortgages were executed. *Gilbert v. Greenbaum,* 56 Iowa, 211. The landlord was not entitled to the possession of the property until his rent, or some part of it, became due. In other words, there must be rent due

before the action to enforce the lien can be brought. When rent is due, the property may be taken under the lien by attachment. In this case, when the mortgagee took possession of the property, no rent was due, and his mortgage gave him the right to possession; but, in taking such possession, he must do so subject to a lien that existed and might become enforceable. That right of the landlord existed when he took his mortgages. The question, then, comes to this: A mortgagee of goods, on which there is a prior lien for rent, not yet enforceable, takes possession of the goods, and, while he holds them, the landlord's lien becomes enforceable. Can the landlord, by virtue of his writ, take the property from the mortgagee? The question, thus far, seems hardly doubtful. The superior right of the landlord settles the proposition in his favor. His lien is first, and the possession is necessary for its enforcement. But the query goes one step further: Can the mortgagee come now, by replevin, and take the goods from the officer holding them by virtue of the landlord's writ? Such is the inquiry made by the question certified. As bearing on the question, appellant says the mortgagee had the legal title and right of possession, and had taken possession with the knowledge of the landlord, and without objection. We assume the statement to refer to the time when he took possession, and its correctness may be conceded. The landlord then had no right of possession, for no rent was due. To the mere fact of possession he had no right to object, for the mortgage contract fixed that right as between mortgagor and mortgagee. But the possession went from mortgagor to mortgagee, affected by the landlord's lien, which was prior, and might, by a default in payment, fix a right of possession for the purpose of enforcing the lien. It is said the landlord is not a party to this suit. That is true; but the appellant brings the suit, not against the landlord, but against the officer, to test his right of possession under the landlord's writ; so that the question is, what rights has the landlord enforceable under the writ that an officer may

justify under a writ by virtue of which he holds possession of property, see *Kingsbury v. Buchanan,* 11 Iowa, 387; *Parsons v. Hedges,* 15 Iowa, 119. It is a rule of universal recognition, we think. Indeed, it would be a strange doctrine that would deny to an officer, legally in the possession of property under legal process, the right to assert and prove that his possession was legal, as against one who might, by action, attempt to disposses him. It seems to be appellant's thought that, as the mortgagee was in lawful possession of the property, it took the judgment of a court, in a proceeding in which he was a party, to devest him of the possession. This can mean no more than that the mortgagee came legally into possession of the property. To admit that he was lawfully in possession, as against the landlord, when this suit was commenced, would, of course, end all controversy. The mortgagee did take the property lawfully, and so held it till other rights accrued; and when they accrued, so as to include a right of possession by the landlord, it did not need an adjudication to make it a right. An adjudication would only be to determine an existing right, and enforce it. Whenever the debt for rent matured, and the lien was being enforced, the right of possession for that purpose became fixed in the landlord, and the right of possession in the mortgagee, as against the landlord, was lost. Our conclusion leads to a negative answer to the question, and the judgment will stand AFFIRMED.