W. E. DOWIE, Appellant, v. C. CHRISTEN.

Foreclosure of Chattel Mortgage: POWER OF SALE: *Statutory method not essential.*   A chattel mortgage may be foreclosed under a power of sale contained therein, and the mortgagee is not required to resort to the statutory method.

EXCESSIVE FORECLOSURE COSTS: *Setting sale aside.*   Where a chattel mortgage gave power of sale, and to deduct from the proceeds, "all reasonable charges and costs," and the mortgagor consented to a foreclosure thereunder, by requesting that the goods be sold in parcels, and was benefited by such method, he cannot have the sale set aside by proceeding against the sheriff on account of excessive charges.

SAME: *Estoppel to complain.*   A chattel mortgagor, having acquiesced in an appraisement on foreclosure cannot complain of the expense incurred thereby.

Right to pay rent out of proceeds. A chattel mortgagee, on taking possession and selling, properly satisfied a landlord's' lien on the goods out of the proceeds.

*Appeal from Winnesheik District Court.*—Hon.   L.   E. Fellows, Judge.

Friday, January 24, 1902.

Action in equity to set aside a sale made by defendant, as sheriff, under a chattel mortgage on a stock of jewelry given by plaintiff to Benjamin Allen & Co. Decree dismissing plaintiff's petition for want of equity. Plaintiff appeals.—*Affirmed.*

*E. R. Acres* and *Frank' Sayre* for appellant.

*E. P. Johnson* for appellee.

McClain, J.—The principal complaint with reference to the sale is on account of excessive charges, and the merit of this complaint depends on the question whether the sale was conducted by the sheriff as the agent of mortgagees, or was a sale under statutory provisions for foreclosure of chattel mortgages; if the former, then the question as to the reasonableness of the charges for expenses incident to such sale arises; if the latter, then, no doubt, the charges should be limited to such fees as are authorized in the case of sale by the sheriff under execution, as provided in Code, section 4277. It seems to be well settled in this state that a mortgagee may proceed under a power of sale contained in the mortgage itself, and is not required to make statutory foreclosure. *Geiser Mfg. Co. v. Krogman,* 111 Iowa, 502; *Myers v. Snyder,* 96 Iowa, 107. Code, section 4277, governs as to satutory foreclosure sales, but it does not control if the sale is by the mortgagee or his agent under authority conferred by the mortgage itself. In the mortgage here in question there was express authority to the mortgagee to take pos-

session of the goods and sell them at private sale or public auction, with or without notice, as he saw proper, and to deduct from the proceeds of such sale "all the reasonable expenses and costs" pertaining thereto. The sale seems to have been made under this authority, and plaintiff recognized the procedure to have been of that nature, for he expressly requested that the goods be sold parcel by parcel. Such a sale necessitated far greater expense than an ordinary execution sale, and plaintiff seems to have derived corresponding benefit, in that the proceeds were more satisfactory to him than he thought they were likely to be if the property was sold in quantity. Perhaps the expense of appraisement is not justifiable where the sale is not made under statutory foreclosure. See *Myers v. Snyder, supra.* But the appraisement was with the acquiescence of the mortgagor, who named one of the appraisers, and there is no ground for complaint on this score. Under the evidence, we do not find that the expenses were in any respect unreasonable or excessive.

Complaint is made because a landlord's lien was satisfied out of the proceeds of the sale, but this was proper. *Doane v. Garretson,* 24 Iowa, 351; *Brody v. Cohen,* 106 Iowa, 309.—AFFIRMED.