**In re ZENITH AIR CONDITIONING CORP.**

No. 1–10.

United States District Court
S. D. Iowa, Central Division.

Oct. 26, 1950.

B. J. Powers, Des Moines, Iowa, for claimant Des Moines Bank & Trust Co.

Robert E. Dreher, of Brunk & Janss, Des Moines, Iowa, for trustee.

SWITZER, District Judge.

Des Moines Bank & Trust Company, holder of a chattel mortgage against a portable ice manufacturing machine, executed by the bankrupt, filed an application herein on Aug. 25, 1950, for an order to require the Trustee to turn over to it certain equipment and items, to wit: 35 ice cans, each 300 pound capacity; 35 aerator tubes; 1 thawing needle; 1 chain fall or hoist; 1 de-ironizer; which it claims were integral parts of the said ice manufacturing machine covered by its mortgage. The Trustee answered by alleging that the bankrupt had accepted possession of one five-ton Zenith ice manufacturing machine No. 2001, that the bank's chattel mortgage does not specifically identify the items of personal property now claimed, nor is there any language in the said mortgage which would indicate to any purchaser or to the Trustee that a lien did exist upon this specific personal property. Further, the Trustee asserts that the bank having failed to offer evidence concerning its claim to the items above mentioned in a former hearing to test the validity of the mortgage as it related to machine No. 2001, is res adjudicata of the present issue and a waiver of its rights now to claim additional items than those which were contested in the former hearing.

The material facts in this controversy are:

On Aug. 3, 1949, the Des Moines Bank & Trust Company loaned the bankrupt $10,000, and the bank obtained therefor the promissory note and chattel mortgage of the bankrupt in said amount. The chattel mortgage described the security for the loan as follows: "A manufacturing machine No. 2001, known as 5 ton model, 25' Long 8' 6" Wide, 6' 6" High. Capacity 5 tons, Standard 300 lb. Ice Cakes. Freon refrigerant. 10 H.P. Water Cooled Compressor, Automatic Controls, approximate shipping weight —12 tons. Retail Price, $12,730.00, and known as Zenith Movable Ice Plant Machine, now located and situated in Des Moines 65 West University Ave., In the County of Polk, State of Iowa", which mortgage was duly filed for record.

On Nov. 4, 1949, an adjudication of bankruptcy was entered herein.

On Dec. 24, 1949, the Trustee filed a petition, which was later amended, for a show cause order against the Des Moines Bank & Trust Company, seeking to require it to show why the said chattel mortgage should not be declared null and void on the ground that as the construction of the ice manufacturing machine No. 2001 had barely commenced on Aug. 3, 1949, the security for the loan was not then in existence and could not be specifically identified.

This application was heard by Referee George A. Heisey of Minneapolis, Minn., assigned to this District. He found that the construction of machine No. 2001 was completed before the adjudication in bankruptcy and therefore under the Iowa law the bank's chattel mortgage lien had attached to the said machine and was perfected to the point where it was valid against the Trustee. He further held that Section 70(c) of the Bankruptcy Act did not in any way affect this situation as the lien had inured to the bank prior to any rights of the Trustee therein. No question was raised at that hearing as to what were the includible items in Machine No. 2001 to which the lien attached.

After the ruling by Referee Heisey the Trustee relinquished possession of the basic machine No. 2001 to the bank but declined to relinquish those items and equipment set out in the first paragraph of this

memorandum and insists that it is now too late for the bank to make claim to them, and further that they are but accessory items to said machine and should be separately considered. I cannot agree with the contention of the Trustee in this respect.

I am satisfied that it was the intention of the parties to execute a mortgage that would cover a complete ice manufacturing machine, with all necessary equipment, to produce 5 tons of ice every 24 hours. When the president of the bank visited bankrupt's plant a few days prior to Aug. 3, 1949, construction on the machine which was to become No. 2001, had only commenced and his attention was directed to the article in question by the sales circulars prepared by the bankrupt. A perusal of this literature, especially Trustee's Ex. No. 1, convinces the court that the very words used therein, such as—

"Zenith is a complete, self contained movable ice making plant * * * (with illustrations) * * * Simple in operation * * * 1. just fill with untreated water as it comes out of the faucet and turn unit on. 2. During freezing process aerator automatically removes air from ice * * * 3. Pump core and refill (separate compartments with cans) * * * 4. just pull ice out and refill * * * (showing the hoist to lift ice out of machine) * * *

"The new Zenith movable ice plant has all these features:

"1. Standard Freon System * * *

"2. Ice cans are standard galvanized steel, of finest material and welded construction.

"3. Aerator * * * Specially designed and scientifically engineered to remove all air and impurities * * *" etc.

clearly connotes an intention to convey a complete ice manufacturing machine in the mortgage. The hoist, the cans, the aerator tubes, and the other equipment here in question, were integral parts of the machine, since it is evident that their use is necessary in order that the full represented capacity production of the machine could be effectuated. Manifestly, the parties here considered in their negotiations leading up to the making of the mortgage a complete unit or product of the bankrupt, for, anything less, including the items in question, would amount to something less than an ice manufacturing machine in the sense intended.

Under the Iowa cases the court is given considerable latitude in admitting parol evidence to identify the property covered by the mortgage. Smith & Co. v. McLean, 24 Iowa 322; Myers v. Snyder, 96 Iowa 107, 64 N.W. 771; Wood v. Allen, 111 Iowa 97, 82 N.W. 451.

I am satisfied that the facts and the law preponderate here in favor of the claimant bank. The court must therefore require the Trustee to turn over to said mortgagee the items claimed by it. Further, I find that the bank is not entitled to be reimbursed for rent paid by it on storage of the machine No. 2001 for the period from the appointment of the Trustee to April 29, 1950. The Clerk will enter the following Order:

This matter came on for hearing before the court at Des Moines, Iowa, sitting in bankruptcy, on the application of the Des Moines Bank & Trust Company, a secured creditor herein, for an order to compel the Trustee to turn over certain items and equipment claimed by it to be within the security of its lien on property that came into the hands of the Trustee in this proceeding, and evidence having been adduced and arguments made both orally and by written briefs,

The Court finds that said application should be granted.

It is therefore ordered that the Trustee herein, Charles M. Bump, turn over and relinquish to the said Des Moines Bank & Trust Co. under its chattel mortgage covering Zenith ice manufacturing machine No. 2001, the following items: 35 ice cans, each 300# capacity; 35 aerator tubes; 1 thawing needle; 1 chain fall or hoist; 1 deironizer. Trustee excepts.