## Fuller et al v. Tomlinson Brothers.

1. **Surety**: WHEN NOT DISCHARGED. Where the holder of negotiable paper, who has a lien upon personal property for security, but is charged with no responsibility for its custody or care, fails to enforce his lien and the security is lost, such failure cannot be set up as a matter of defense by a surety or guarantor.

*Appeal from Mitchell Circuit Court.*

WEDNESDAY, APRIL 19.

THIS action was brought against the defendants as guarantors of certain promissory notes. The petition shows that the defendants were appointed agents of the plaintiffs to sell mowing and reaping machines; that as a part of the contract under which they were appointed they guaranteed to the plaintiffs "the collection and payment of all notes taken in payment for machines, within one year from the time such are due;" that under the contract the defendants sold certain machines, and took certain notes, which the defendants delivered to the plaintiffs with their guaranty indorsed thereon as provided in

the contract, and which notes are the property of the plaintiffs, and more than one year past due. The defendants for answer averred that the notes were given for the purchase price of property belonging to the plaintiffs; that they contained conditions and stipulations, in substance, that the property sold, and for which the notes were given, should remain the property of the plaintiffs until the notes were fully paid; that the plaintiffs should have the power at any time even before maturity of the notes to sell the property at private sale, giving the makers credit for the net proceeds realized; that at the time the notes were turned over by the defendants to the plaintiffs, and guaranteed by the defendants, the makers of the notes still held possession of the property for which the notes were given; that it was of great value and formed good security for the notes; that the plaintiffs neglected and refused to take possession of the property, and sell the same, and apply the proceeds in payment of the notes; that the plaintiffs had the exclusive right to control the security; that at the time the notes were guaranteed, and afterward, at the time they matured, the makers were solvent, and the notes could have been collected at maturity, but the makers have now become insolvent, and the notes have become uncollectible through the negligence of the plaintiffs in not obtaining judgment against the makers, and in not availing themselves of the securities.

To the answer the plaintiffs demurred, and the court sustained the demurrer. The defendants electing to stand upon their answer, judgment was rendered for the plaintiffs for the amount claimed. The defendants appeal.[j]

*D. W. Poindexter*, for appellants.

*Cleland & Eaton*, for appellees.

ADAMS, J.—The defendants claim that the plaintiffs had what was equivalent to a lien upon the machines for which

1. SURETY: the notes were given. This, the plaintiffs deny.
when not
discharged. But for the purposes of the opinion, this may be

conceded. The first question presented, then is, whether the failure of the plaintiffs to take possession of the machines, and subject them to the payment of their debt, until it was too late to do so, constitutes any defense. In support of the defendants' proposition, that it does, our attention is called to the " familiar doctrine, that the surrender of any security by a creditor, held at the time a third person becomes surety for, or guarantor of, the debt will effect a *pro tanto* discharge of the surety or guarantor." 2 Daniel on Negotiable Instruments, Sec. 1789; 1 Parsons on Bills and Notes, 242. Where such a surety or guarantor pays a debt, he is entitled to be subrogated to all the securities which the creditor had in his hands. A surrender of securities, therefore, is a direct impairment of the surety's or guarantor's rights. But the case before us is not one of the surrender of securities. The plaintiffs are charged, simply with negligence, and in our opinion the defendants' position is not tenable. It may be conceded that if the plaintiffs had taken the machines into their possession, and while charged with responsibility for their proper custody and disposition, they had negligently allowed the machines to become impaired or destroyed, such negligence would have had the effect to discharge the defendants *pro tanto*. *Day v. Elmore*, 4 Wis., 214. But such case is not before us. We have a case where the holder of paper, who has a lien upon personal property for security, but is charged with no responsibility for its custody or care, fails to enforce his lien and the security is lost. We have seen no case which goes to the extent of holding that such failure can be set up in defense by a surety or guarantor, nor do we think that such is the law. If the surety or guarantor apprehends that the security will be lost, it is his privilege to pay the debt and enforce the lien himself.

We ought to remark that no question arises in this case as to a want of demand and notice, as demand and notice were expressly waived. Neither does any question properly arise as to the mere failure to obtain judgment against, or want

of prosecution of, the makers of the notes. The guaranty is a guaranty of *payment*, as well as of collection. In our opinion the demurrer to the defendants' answer was properly sustained.

AFFIRMED.