DAVEY BROTHERS v. S. B. WAUGHTAL, *et al.*, Appellants.

**Guaranty:** DILIGENCE OF GUARANTY. At the time chattel mortgage notes were transferred by defendant to plaintiff, with guaranty of payment, the maker was insolvent. Defendants represented that the maker would pay the notes, and that the security was sufficient, and the notes were at the time of the transfer placed with a bank for collection. One of the notes was past due, but nearly paid, the second due in one month, and the third in five months. Two weeks after the third was due the mortgage was placed in the sheriff's hands for collection. but the property could not be found, and four months afterwards an action to foreclose the mortgage, and to recover a deficiency judgment against the defendants, was commenced, and the property sold six months afterwards. It was not shown that the property would have brought more if sold sooner. *Held*, that a finding that plaintiff had exercised due diligence in the collection of the notes, so as to render the defendants liable on their guaranty, would not be disturbed.

*Appeal from Emmett District Court.*—HON. W. B. QUARTON, Judge.

TUESDAY, OCTOBER 27, 1896.

ACTION in equity to recover the amount due on certain promissory notes, and to foreclose a chattel mortgage executed to secure their payment. There was a hearing on the merits and a judgment in favor of the plaintiff. The defendants appeal.—*Affirmed.*

*J. G. Myerly* for appellants.

*Glass & McConlogue* for appellee.

ROBINSON, J.—In the month of July, 1893, all the defendants, excepting W. R. McCulla, under the name S. B. Waughtal & Sons, sold and transferred to the

plaintiff, a co-partnership, three promissory notes, and indorsed on each an agreement, of which the following is a copy: "For value received, I hereby guaranty payment of the within note, waiving demand and notice of protest on the same when due; due diligence to be used by the holder. S. B. Waughtal & Sons." One of the notes was due on the eighteenth day of February, 1893, one on the first day of August, and one on the first day of December of the same year. With the notes was transferred a mortgage to secure their payment, given on two mares, one stallion, one wagon, and one set of double harness. The mortgage provided that in case of default in the payment of the notes, or in case the mortgagor should attempt to dispose of the property, or remove it from Emmett county, or whenever the mortgagee should choose to do so, it should be lawful for the mortgagee or his assigns to take immediate possession of the mortgaged property, and sell it at public auction to satisfy the mortgage debt. When the notes and mortgage were transferred to the plaintiff, the maker of the notes resided at Estherville, and the other parties to this action were engaged in business at Mason City, where they resided. The transfer was made in the First National Bank of Mason City, on the twenty-eighth day of July, 1893, and the paper was at the same time left with the bank, to be sent to Estherville for collection. The business was transacted by Parley Davey for the plaintiff, and by George Waughtal for S. B. Waughtal & Sons, and Parley testifies that it was agreed by him and George that the notes should be so left. George denies that he made such an agreement, but he was present when Parley made the arrangement with the bank, and did not in any manner object to what was done. To induce the plaintiff to take the paper, George said he had no doubt that the maker would pay the notes, that he was reliable, and

that the security was ample.   On the day it received the notes and mortgage, the First National Bank of Mason City sent them to a bank in Estherville for collection, and made several requests of that bank to give the notes immediate attention and report their condition. The plaintiff also wrote to the Estherville bank in regard to the paper, and informed the Waughtals that it had not been paid.   In October, 1893, he wrote in regard to it to George, who was then in Estherville, but did not receive an answer to his letter.   About the first of November of that year the plaintiff directed that the paper be placed-in the hands of an attorney for collection, and that the mortgage be foreclosed. The Estherville bank attempted to collect the notes by demanding payment, frequently.   It appears that McCulla had no property excepting that covered by the mortgage.   He was sick in Estherville from the latter part of July until the last of October, 1893, when he disappeared.   The mortgaged horses were sent into the country, the wagon was in Superior, and the harness was in a barn at Estherville or in Superior. In December, 1893, the paper was delivered to an attorney in Estherville for collection.   On the six-teenth day of that month the mortgage was given to the sheriff, with instructions to foreclose it.   Both the attorney and the sheriff made inquiries for the mort-gaged property, but were unable to obtain satisfac-tory information in regard to it.   In March, 1894, the plaintiff employed an attorney from Mason City, who went to Estherville to make collection.   This action was commenced in May, 1894.   The mort-gage was foreclosed by notice and sale in Septem-ber, 1894, and the proceeds of so much of the property as was found (the horses) were applied on the notes. This action was prosecuted thereafter, as it was before, as in equity, to recover the unpaid part of the notes.

It is not practicable to set out all the steps taken by the plaintiff and its representatives for the collection of the notes. It is true that the plaintiff might have acted sooner than it did to foreclose the mortgage, and that greater effort to enforce speedy payment might have been made. But the contract of S. B. Waughtal & Sons was a guaranty of payment, not of collection merely, although it required due diligence on the part of the plaintiff. It may be conceded that diligence was to be used in collecting the notes. But the diligence required depended on the facts of the case. The plaintiff had reason to believe, from what George Waughtal had told it, that McCulla was honest and reliable, and that the notes were well secured. Notwithstanding that fact, it at once placed them in bank for collection, and the bank intrusted with that duty, notified McCulla promptly and repeatedly that it had the notes for collection. The evidence fails to show that the plaintiff or any of its agents had actual knowledge of the fact that McCulla was insolvent, and that the mortgaged property was not sufficient for the payment of the notes. When the notes were transferred to the plaintiff, one for forty-eight dollars had been due several months, but only one dollar and fifty-eight cents remained unpaid. The second note was nearly due, and the third would become due on the first day of the next December. In view of these facts, and the representations of George Waughtal in regard to the maker and security, and in the absence of any knowledge that the representations were false, we do not think the plaintiff can be charged with a lack of due diligence in failing to have the mortgage placed in the hands of an attorney, for foreclosure, until two weeks after the last note was due, and if it has used due diligence, the liability of the Waughtals is absolute. It must be remembered that the plaintiff never had actual possession of the

mortgaged property, and has done nothing to release the lien upon it, and that an action against McCulla would have been fruitless. The negligence charged is, in effect, that the plaintiff did not attempt to take possession of the property until two weeks after the last note became due. The case is similar in that respect to *Fuller v. Thomlinson*, 58 Iowa, 111 (12 N. W. Rep. 127), in which it was determined that the holder of paper, who has a lien upon personal property for security, but is not charged with any responsibility for its custody or care, is not negligent in failing to enforce his lien. We need not go so far as that in this case to hold, as we do, that the plaintiff has used diligence as required by its contract, to collect of the maker the notes in suit.

It may be said further that the guarantors have not sustained any substantial damage by the delay of which they complain. McCulla was insolvent when his paper was transferred to the plaintiff, and nothing could have been collected from him by an action in court. The wagon was old and of little value, and the harness was not found. The market price of horses was about the same when those in question were sold as it was in the year 1893, and therefore it is to be presumed that as much was realized from the sale as would have been had it been a year earlier. We are satisfied that the judgment of the district court is fully sustained by the evidence, and that it does substantial justice to the parties to the action. It is therefore AFFIRMED.