L. C. BLANDING, RECEIVER OF THE FIRST NATIONAL BANK OF SIOUX CITY, v. D. W. WILSEY *et al.,* Appellants.

**Guaranty:** DUTY OF PAYEE. A bank is under no legal obligation to protect from loss the guarantors of a note assigned to it by first resorting to the property pledged as security therefor which was not in its custody or care.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, DECEMBER 17, 1898.

H. N. MOORE & Co., and H. N. Moore and P. G. Riedesel, members of the firm, are parties. Defendant in this suit, on the twelfth day of December, 1895, executed his promissory note to H. N. Moore & Co. for six hundred dollars, payable six months after date. Before the maturity of the note it was assigned to the First National Bank of Sioux City, Iowa, by an indorsement thereon as follows: "Pay to the First National Bank of Sioux City, Iowa, or order. H. N. Moore & Co. For value received, we hereby guarantee the payment of the within note at maturity, or any time thereafter, with interest at the rate of eight per cent. per annum until paid, waiving demand, notice of nonpayment and protest. H. N.

Moore & Co., by P. G. Riedesel, Cash." This action is to recover against the maker of the note, and also against the members of the firm as guarantors, and the facts as to the execution of the note and the guaranty of payment are set out in the petition. H. N. Moore and P. G. Riedesel answered, admitting the execution of the note and the guaranty, and averred that Wilsey, when he made the note, executed a mortgage on certain personal property of the value of one thousand five hundred dollars, to secure the payment thereof; that the firm of H. N. Moore & Co. was dissolved February 6, 1896; that when the note became due, and for a long time thereafter, the mortgage was in the possession of the bank, and the property was in the hands of said Wilsey; that the bank had the right to take possession of the property, and sell the same, and the property was easily obtainable; that the defendants, at the time of guarantying the note, and at various times thereafter, asked and demanded of the bank that it take the property, and foreclose and sell the same, and collect the amount of the note from the security, which was ample and sufficient therefor; that the bank refused and neglected so to do, by reason of which the property has become lost and destroyed, so that no part thereof is available to reimburse defendants on their guaranty. In another division of the answer the same facts are, in substance, pleaded, and the negligence of the bank is charged, by which the securities are lost to the defendants, and judgment is asked in the sum of one thousand five hundred dollars. The district court sustained a demurrer to both divisions of the answer, and, the defendants electing to stand on the answer, judgment was entered against them, from which they appealed.—*Affirmed.*

*Swan, Lawrence & Swan* for appellant.

*Kennedy, Jackson & Kennedy* for appellee.

GRANGER, J.—This single proposition is presented on the appeal: Was the bank under a legal obligation to protect

from loss the guarantors by a resort to the property pledged as security? It should be borne in mind that the bank had not the property in its custody or care. In *Fuller v. Tomlinson,* 58 Iowa, 111, this court said: "We have a case where a holder of paper, who has a lien upon personal property for security, but is charged with no responsibility for its custody or care, fails to enforce his lien, and the security is lost. We have seen no case which goes to the extent of holding that such failure can be set up in defense by a surety or guarantor, nor do we think that such is the law. If the surety or guarantor apprehends that the security will be lost, it is his privilege to pay the debt, and enforce the lien himself." This rule is conceded by appellant to be correct, but it is said there are exceptions to it, and the rule is cited that, where a surety or guarantor pays a debt, he is entitled to be subrogated to all the securities which the creditor had in his hands. That means securities held by the creditor at the time the guarantor makes payment, for that is when subrogation is effected. In this case there has been no payment. The security held by the bank was the mortgage, and to that the guarantor, upon payment, would be entitled. The rule stated goes no further. It is further said, as a part of the rule, that the surrender of the security, therefore, is a direct impairment of the surety's or guarantor's rights. That must mean the security in his hands. The bank held the mortgage, and it has not surrendered it. So we see that in no way does this case come within the exception, as it is called, to the rule stated in the *Fuller-Tomlinson Case.* Stress is placed on the fact that the bank was *notified* and *requested* to apply the security. The notice or request does not change the legal obligation of the bank. The remedy of the guarantors was not in giving the notice or making the request, but in paying the debt, and taking to themselves the security for enforcement. Appellant refers to *Bank v. O'Connell,* 84 Iowa, 377. That case is widely different from this. In that case the makers of the note placed in the hands of the bank, as payee, notes and certificates as

collaterals, so that the bank was under obligation to preserve the property so held from loss.    The tax-sale certificates were lost because of failure to take up and apply the money paid in for redemption, and the notes were held till action thereon was barred by the statute of limitation.    The question was whether the bank was liable for the value of the securities because of its neglect to care for property it held in its hands. To make that case applicable to this, the facts of this case should be that the debtor (mortgagor) put the property pledged in the custody of the bank, and the bank, by neglect, permitted its loss, and then the debtor sued for its value by way of a counterclaim to the note.    Of the authorities cited, none contravene the rule of the *Fuller-Tomlinson Case* as applicable to this case, and the judgment will be AFFIRMED.