JOHN H. COWNIE, Appellee, v. WEST DODD, W. D. BATSHOLT
and W. R. LANE, Appellants.

Guaranty: LIABILITY OF GUARANTOR. There is a distinction between a
guaranty of payment and a guaranty of collection. The former
creates an immediate and absolute liability on the failure of the
principal to pay, while the latter only obligates the guarantor to
pay if by reasonable diligence it cannot be obtained from the prin-
cipal.

Same. A guaranty of interest upon corporate stock until the stock is
retired, based upon a good consideration, is as absolute guaranty,
under which the holder at most can only be required to demand
payment of the principal.

Same: INSOLVENCY OF CORPORATION: TERMINATION OF LIABILITY. A
personal liability by way of a guaranty of interest on corporate
stock is not terminated by insolvency of the corporation, or failure
to exercise its franchise for two years.

Same: RETIREMENT OF STOCK: TERMINATION OF LIABILITY. Insolvency
of a corporation or nonuser of its franchise for the term of two
years will not effect a retirement of stock, under a provision in the
certificate making it subject to retirement. The provision for retire-
ment contemplates some affirmative action by the corporation, and
therefore a guaranty to pay interest until the stock was retired
would not be avoided by mere nonuser.

*Appeal from Polk District Court.*—HON. C. A. DUDLEY,
Judge.

MONDAY, DECEMBER 14, 1914.

ACTION to recover interest on preferred stock of a cor-
poration under a written guaranty. From a directed verdict
and judgment for plaintiff, the defendants appeal.—*Affirmed.*

*Oscar Strauss* and *W. C. Lane,* for appellants.

*C. C. Dowell* and *John McLennan,* for appellee.

WITHROW, J.—I. In July, 1907, the plaintiff became the owner by purchase of fifty shares of the preferred stock of the Dodd Motor Company, a corporation organized under the laws of this state for the purpose of manufacturing gasoline engines. The stock was purchased at its par value, $100 per share, and certificate was issued to him. By the terms of the certificate the stock was entitled to preferred cumulative dividends up to 7 per cent., and was subject to retirement at par and accrued dividends after one year from date of issue. The defendants were the organizers and officers of the corporation. They were in need of money to enlarge their business, and sought assistance from the plaintiff. He offered to make them a loan of $5,000. They desired him to take preferred stock. This he declined to do, but told them that if Mr. Dodd would guarantee the stock or guarantee the dividends he would take preferred stock. As a result of this conversation, which preceded the issuance of the certificate, there was indorsed on the back of the certificate when issued the following:

Des Moines, Iowa, July 5, 1907.

For good, valuable and sufficient consideration the receipt of which is hereby acknowledged, the undersigned hereby guarantee that the Dodd Motor Company will pay seven per cent. interest on the stock which this certificate represents until said stock has been retired.

West Dodd,
W. R. Lane,
W. D. Batsholt.

This action is for the recovery of interest due on the contract of guaranty from June 3, 1909, up to which time it is averred that interest had been paid. The preferred stock represented by the certificate has not been retired, and it is pleaded that the corporation has been insolvent since June 3, 1909. The answer admits the purchase of the stock by plaintiff. Affirmatively it pleads that since March 17, 1908, the corporation has been insolvent and has ceased to exist as a corporation under its charter; that since that date it has held

no meetings, has elected no officers or directors, and has performed no corporate act of any kind, and because of such it ceased existence as a corporation on or about January 21, 1910. The cause was tried to a jury. There was a directed verdict for plaintiff, and the defendants appeal.

II. The case presents no difficulty as to the facts, which are without dispute and which substantially support the pleadings. The questions which go to the legal rights of the parties were fully raised in the lower court and are definitely presented by the assignment of errors.

The first contention of the appellant is that appellee has failed to show due diligence necessary to charge the guarantors. This is upon the premise that the contract sued upon, which is the undertaking of the appellants, is in terms a guaranty of the dividend as distinguished from a direct promise to pay. The authorities distinguish in their legal effect upon the obligor between a guaranty of payment and a guaranty of collection. As to the former, it is held that it is absolute upon the failure of the principal to pay; as to the latter, that the guarantor is only bound to make payment if by reasonable diligence it cannot be obtained from the principal. As holding directly to the first proposition, and making the distinction which we have noted with reference to contracts guaranteeing dividends, see *Burton v. Dewey*, 4 Kan. App. 589 (46 Pac. 325); *Braddock v. Wertheimer*, 68 Ark. 423 (59 S. W. 761); *Loomis Inst. v. Hurd*, 57 Conn. 435 (18 Atl. 669); *Jain v. Giffin*, 3 Colo. App. 90 (32 Pac. 80).

1. GUARANTY: liability of guarantor.

An "absolute guaranty" is one by which the guarantor is bound immediately upon the principal failing to perform his contract without further condition to be performed. 20 Cyc. 1398.

The holder of this guaranty, then, at most was not bound to do more than demand of the principal the amount promised

to be paid, whether as interest or dividend. Proof that such
was done is not disputed. Even though

2. SAME.

further efforts were required under the law
in the view of the case taken by appellants, yet here it was
pleaded, admitted, and also proven that since the last pay-
ment under this contract the corporation had been insolvent,
and no further showing of diligence would be required. The
right of action upon this contract was fully fixed by what had
been done. *German Savings Bank v. Roofing Co.*, 112 Iowa,
184.

III. A second point urged by the appellant is that the
liability of the guarantors was terminated when the principal
ceased to exist; and that under Code, section 1628, by reason
of its insolvency, its failure to exercise any

3. SAME: insolv-
ency of cor-
poration: ter-
mination of
liability.

of the rights arising under its franchise for
two years, and the failure to elect officers
within two years from the time fixed for so
doing, the corporate life was ended. There are holdings to
the effect that a general guaranty of payment of dividends
upon the stock of a corporation, made as a personal obligation,
does not, in the absence of a guaranty for a fixed period, extend
to a time beyond the life of a corporation. *Mason v. Distilling
Co.*, 85 App. Div. 520 (83 N. Y. Supp. 343); *Lorillard v.
Clyde*, 142 N. Y. 456 (37 N. E. 489, 24 L. R. A. 113); *Colum-
bus Trust Co. v. Moshier*, 51 Misc. Rep. 270 (100 N. Y. Supp.
1066). They do not, however, reach to this case. Code, sec-
tion 1628, provides that a corporation "shall cease to exist
by nonuser of its franchise for two years at any one time, but
omission to elect officers or hold meetings at any time pre-
scribed by its articles or by-laws shall not work a forfeiture,
if such election is held within two years of the time appointed
therefor." Whether under that statute the failure *ipso facto*
works a termination of the corporation we need not now deter-
mine; for in whatever way it is done, while ending the right
to exercise corporate powers in its dealings with the public,
it does not prevent its continuance for the purpose of winding

up its affairs.  Even though it may cease to exist, the rights of stockholders are not thereby destroyed, but continue to the extent that the net assets may, so far as they will, reimburse them for their investment.  As recognizing this principle, see Code, sections 4328 and 4330.

IV.  The certificate of preferred stock issued to the appellee contained a clause making it subject to retirement at par and accrued dividends after one year.  This clearly was a

**4. SAME: retirement of stock: termination of liability.**

provision made for the benefit of the corporation, whereby it might lessen its obligations to pay a fixed cumulative dividend, and end possible inequalities among its stockholders resulting from the preference.  It has not been retired, unless the insolvency of the corporation and the failure to exercise corporate powers have worked that result.  The fact that by reason of insolvency the stock may become of little or no value, or by reason of failure to exercise corporate functions it may have lost its voting power, is not an extinguishment of the rights of the shareholders in the residue of the corporate property.  But we place upon the word "retired" a meaning different from that.  It is a reservation of right requiring affirmative action, rather than a result which follows inactivity or failure to exercise corporate powers.  The present contract is not in terms a guaranty of dividends but of interest.  It is silent as to the time when such payments shall be made, but by the acts of the parties it has been construed as requiring them to be made annually.  This obligation by its terms continues until the stock has been retired.  That has not been done.

We conclude that the judgment of the trial court was correct.—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.