J. I. CASE THRESHING MACHINE COMPANY, Appellant, v. J. F. VAN VORS, Appellee.

CHATTEL MORTGAGES: Delayed Foreclosure—Who May Question— Action for Deficiency. Action for balance due on notes after the foreclosure of a chattel mortgage may not be defeated on the ground: (1) That the mortgagee negligently delayed foreclosure until the property depreciated; or (2) that notice of the foreclosure was inadequate, when the foreclosure was more prompt than the contract provided, and when, by contract, no notice of foreclosure was required, and when, at the time of foreclosure, the mortgagor-maker of the notes did not own the mortgaged property.

*Appeal from Dubuque District Court.*—D. E. MAGUIRE, Judge.

DECEMBER 31, 1920.

THE plaintiff suing on notes confessedly made by the defendant, the latter urged, in answer, that he should be relieved from all liability, because of certain alleged misconduct of the plaintiff in foreclosing a mortgage given to secure the note sued on. Demurrer to the answer was overruled. There was judgment for costs against the plaintiff, and it appeals.—*Reversed.*

*Brown, Lacy & Clewell,* for appellant.

*Wells Rupert,* for appellee.

SALINGER, J.—I. The defendant, Van Vors, delivered a series of notes to the plaintiff, as the purchase price of a machine purchased from plaintiff. The notes were secured by a chattel mortgage upon the machine. These notes were payable at the First National Bank of Dubuque, which is the post-office address of the maker and defendant. Subsequently, defendant, with the consent of plaintiff, sold this machine, and the buyer removed it to Wisconsin. The chattel mortgage had provision, among others, that:

"If default be made in the payment of the mortgage debt, or if the mortgagee shall at any time deem himself insecure, then thereupon and thereafter it shall be lawful, and the said first party hereby authorizes said second party its successors and assigns or its authorized agent, to treat the debt hereby secured as fully due and payable, and to take said property, wherever the same may be found, and hold or sell and dispose of the same and all equity of redemption at public auction or private sale, with or without notice."

The plaintiff did foreclose and sell, and, though it was not required to do so under the terms of the mortgage, did give defendant notice of the sale. It is not claimed by defendant that the sale satisfied the mortgage debt. In effect, he defended against the suit of plaintiff on the notes, that he had demanded earlier foreclosure; that his demand was not complied with; that, in the interval, the property had become impaired, and

plaintiff was negligent in not acting "with discretion and diligence as to the request and demands of this defendant;" that, if it had done so, the property would, in the opinion of the one pleading this defense, have "commanded a price much in excess of all claims of the plaintiff;" that the notice given the defendant was not served in time to enable defendant to have been present at the sale. It may be assumed there is claim that, had he been present, the sale would have realized more. The summing up of it is that, in equity and good conscience, by reason of delay in selling, the maker is not indebted to plaintiff for the balance due on the notes, though proceedings for selling the property were actually begun before the last of the notes secured by the mortgage had matured. It may be granted, too, there is a claim that the place in Wisconsin where the owner kept the machine was not readily accessible from Dubuque, where defendant lives.

It will be noted that the buyer of the machine, whose title as divested by the foreclosure sale, is not complaining. These defenses are all interposed by defendant, who sold the machine to this second buyer with consent of the plaintiff, the first seller.

In effect, then, the trial court, in releasing the defendant from his notes, did so because foreclosure was not begun even earlier that it was, and because it was difficult for defendant to reach the place where the foreclosure sale was held, on as much notice as he received. There is no allegation in the answer that the mortgage had a provision for the service of personal notice. The answer does not say that notice by publication was not given. The mortgage itself dispenses with notice. As we understand it, there is no claim there was any irregularity in the sale. But if there were, that would be no defense to this action, and the only remedy, if any defendant has, would be independent action for damages, or, possibly, counterclaim in the present suit. 8 Corpus Juris 802, 803; *Haywood & Son v. Seeber*, 61 Iowa 574, at 576; *Campbell v. Wheeler*, 69 Iowa 588, at 593. The alleged delay in foreclosing is not material, because the time of selling could be governed by contract, and the contract here gave power to sell "thereupon and thereafter," without express-

ing limitation as to how long thereafter. See *Gibson v. Mc-Intire*, 110 Iowa 417; *Dowie v. Christen*, 115 Iowa 364; *Geiser Mfg. Co. v. Krogman*, 111 Iowa 503, at 510; Code Section 4273; Jones on Chattel Mortgages (2d Ed.), Section 789. Even without mortgage provision, the mortgagee had the option to wait taking possession and selling until the maturity of all the notes. *Keelin v. Postlewait Co.*, 259 Ill. 130 (102 N. E. 205); 11 Corpus Juris 697.

The fact that the property might have commanded a higher price if it had been sold at the time mortgagor requested a sale is no defense to action on the notes. *Simonds v. Travis*, 13 N. B. 14; *Fuller v. Tomlinson Bros.*, 58 Iowa 111; *Blanding v. Wilsey*, 107 Iowa 46; *Granite Bank v. Richardson*, 7 Metc. (Mass.) 407; Jones on Mortgages (2d Ed.), Sections 771, 772; 8 Corpus Juris 803, Note 12 (b).

Defendant did not own the property when the foreclosure sale was had, nor prior thereto. It follows he has no right to complain of wrongful foreclosure. *Blanding v. Wilsey*, 107 Iowa 46; 11 Corpus Juris 717. It follows, too, he had no right to fix the time when chattels owned by someone other than himself, and who had assumed his mortgage debt, should be seized or sold by the mortgagee. *Blanding v. Wilsey*, 107 Iowa 46; *Fuller v. Tomlinson Bros.*, 58 Iowa 111.

Since the mortgage authorized sale without any notice, the notes may not be successfully defended against because appellant did more than was required of it, and gave a notice. One who is under no obligation to give any notice can be under no liability because he might have given more notice than he did give. *Geiser Mfg. Co. v. Krogman*, 111 Iowa 503, at 509; *Kelley Co. v. Chinn*, (Iowa) 75 N. W. 315; 2 Jones on Mortgages (3d Ed.), Sections 1821 to 1827; *Kearney Mill. & Elev. Co. v. Union Pac. R. Co.*, 97 Iowa 719; *Austin Mfg. Co. v. Decker*, 109 Iowa 277; *Iowa Brick Mfg. Co. v. Herrick*, 126 Iowa 721; *Deere, Wells & Co. v. Morgan*, 114 Iowa 287; *Stein v. McAuley*, 147 Iowa 630; *Moon v. Hartsuck*, 137 Iowa 236.

For the reasons stated, the judgment appealed from must be, and is,—*Reversed.*

Weaver, C. J., Evans and Preston, JJ., concur.