ROSE SCHAFFER, Appellant, v. E. D. ACKLIN et al., Appellees.

MARCH 6, 1928.

*Strock, Cunningham, Sloan & Herrick,* for appellant.

*Miller, Kelly, Shuttleworth & McManus,* for Mrs. Annie Acklin, appellee.

KINDIG, J.—No service was obtained upon the defendant and appellee E. D. Acklin, and therefore he is not involved as a litigant, and the controversy is entirely between Rose Schaffer, plaintiff and appellant, and Mrs. Annie Acklin, defendant and appellee.

September 12, 1923, E. D. Acklin executed, made payable, and delivered to appellant a promissory note for $250, due $25 each month, and a chattel mortgage was given by said maker, to protect the debt. A payment was delinquent January 30, 1924, at which time appellee Mrs. Annie Acklin executed a written guaranty thereof, as follows:

"In consideration of extension of time and change of monthly payment, I, Annie Acklin, hereby guarantee payment of the within note upon the terms of $10.00 semimonthly, name-

ly, commencing February 16, 1924, and $10.00 the first of March, 1924, and at the same intervals thereafter."

E. D. Acklin further failed to perform, so that the mother was called upon to carry out her contract. She refused, and this suit was brought.

Her defense originally was twofold: First, lack of consideration; and second, a denial that the "guaranty agreement" was on the back of the "note" when she indorsed it. Upon those issues the trial was had; but, after all evidence had been introduced, appellee Annie Acklin asked permission to amend her answer, and upon receiving leave to so do, she interjected the further plea of release because the appellant failed to foreclose the mortgage and conserve the security, even though she learned that the same was being neglected by the mortgagor. Moreover, it is contended that appellant, having such knowledge, did not notify appellee Annie Acklin. Motion to strike this "amendment" was overruled.

I. Appellee Annie Acklin urges that there should be an affirmance because the question concerning the lack of consideration and absence of the "guaranty agreement" on the negoti-able instrument at the time of this appellee's signature was all submitted to the court (a jury being waived) upon conflicting testimony. Therefore, the result is a finding which this court cannot disturb. Under ordinary circumstances, that is true. *Bloomfield Davis County Messenger v. Bloomfield Democrat,* 201 Iowa 196; *North American Ginseng Co. v. Gilbertson,* 200 Iowa 1349; *Hamaker v. Johnson,* 199 Iowa 1298; *Kirkhart v. Hamilton,* 199 Iowa 1028; *Baker v. Palmer,* 192 Iowa 1321; *Bullock v. First Nat. Bank,* 196 Iowa 522.

II. But under the peculiar conditions here involved, that doctrine does not decide the controversy, for the reason that appellee Annie Acklin herself eliminated it through the aban-donment of that issue, by adopting in lieu thereof the one relating to the guarantor's "release." In her application for the right to file the "amendment," she said her purpose was to "conform the pleadings to the proof;" and then, in the new allegation, stated "that it appears conclusively in the record * * * that the plaintiff, Rose Schaffer, knew that the defendant,

Annie Acklin, had signed what purported to be an absolute contract of guaranty for the payment of the note in suit or the balance due thereon." Succeeding this were statements concerning appellant's observation of the mortgaged chattels "standing out in the yard, exposed to the weather and elements * * * and that E. D. Acklin had abandoned and neglected the same." However, she asserted, "notwithstanding said knowledge," appellant "failed and neglected to notify" appellee Annie Acklin, or to "protect or conserve the security or foreclose the mortgage." Hence, she complains that she had been injured and prejudiced, and cannot now enforce her lien through subrogation.

Code of 1924, Section 11199, provides:

"Inconsistent defenses may be stated in the same answer or reply, * * *."

The matters pleaded in the "amendment" amount to something different from an inconsistent defense. More than a matter of inconsistency is here implicated; for, in fact, appellee Annie Acklin admits that she failed to prove her claim under the original issues, and first, as a prerequisite for a new bar against recovery, alleges that she desires to amend in order to conform to the proof, and then, second, in referring to the "proof" she says "that it [guaranty] appears conclusively in the record," etc. Because of this, the former "defense" was abandoned, and the new one interposed, which will now be discussed.

III. At the outset, it is well to note the fundamental distinctions between the "guaranty" to pay and one to collect.

On the one hand, the former is absolute, while, on the other, the latter is conditional only. 28 Corpus Juris 972, Section 125, contains this apt text:

"As a general rule, a guaranty of the payment of an obligation of another is an absolute undertaking, imposing liability upon the guarantor immediately upon the default of the principal debtor, and regardless of whether any legal proceedings or steps are taken to enforce the liability of the principal debtor, or whether notice of the default is given to the guarantor, and regardless of the solvency or insolvency of the principal debtor."

Section 123 of the same volume, on page 971, declares:

"In accordance with the definition of a conditional guaranty of collection as a guaranty that the claim guaranteed is collectible by due diligence, and if not so collectible that the guarantor will pay, a guaranty of collection or a guaranty against loss as a result of a failure to collect the debt imposes the duty upon the creditor to exercise reasonable diligence to collect the debt from the principal debtor; and unless he does so without success, he cannot proceed against the guarantor, unless a proper excuse is shown for the failure to exercise such diligence."

To the same effect is the phraseology in 12 Ruling Case Law 1064, Section 13. It is:

"An absolute guaranty of payment differs from a conditional guaranty against loss as the result of nonpayment of a debt, in that, in the first case, the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, while in the second, the contract is in the nature of a guaranty of collection, no liability being incurred until after, by the use of due diligence, the guarantee has become unable to collect the debt from the principal debtor. A guaranty of the payment of an obligation, without words of limitation or condition, is construed as an absolute guaranty."

Our own pronouncements are to the same effect. *Peck v. Frink*, 10 Iowa 193; *Durand v. Bowen*, 73 Iowa 573; *Hoyt v. Quint*, 105 Iowa 443; *Adams & French Harvester Co. v. Tomlinson Bros.*, 58 Iowa 129; *Blanding v. Wilsey*, 107 Iowa 46; *Cownie v. Dodd*, 167 Iowa 627. *Cownie v. Dodd*, supra, embodies the sentence:

"An 'absolute guaranty' is one by which the guarantor is bound immediately upon the principal's failing to perform his contract, without further condition to be performed."

Concerning an indorsement on the back of a note, to wit, "I guarantee payment," in *Hoyt v. Quint*, supra, we consistently said: "The guaranty was absolute." So, in the case at bar, the undertaking was unconditional.

IV. Next it is to be settled whether or not appellant's failure to foreclose, or notify appellee Annie Acklin of the property's exposed condition, released her. Material here is the differentiation above pointed out between "absolute and conditional guaranty;" for, if the obligation was to insure collec-

tion, then, of course, the cause of action would not accrue until there had been failure in that regard. Connected with the process of "collection" would be the sequestration and final utilization of all or such portion of the "security" needed to procure sufficient funds with which to satisfy the debt.

That field of inquiry has been fully searched by judicial investigation. *Fuller v. Tomlinson Bros.*, 58 Iowa 111; *Davey Bros. v. Waughtal*, 99 Iowa 654; *Blanding v. Wilsey*, supra; *Central State Bank v. Ford*, 194 Iowa 904. But when the guaranty is absolute, the rule is otherwise. Quoted from the last named opinion we thus find:

"It is the general rule of law that a note holder owes no affirmative duty of diligence to a guarantor of payment, as distinguished from a guarantor of the collection."

*Adams & French Harvester Co. v. Tomlinson Bros.*, supra. *Fuller v. Tomlinson Bros.*, supra, suggests:

"Where such a surety or guarantor pays a debt, he is entitled to be subrogated to all the securities which the creditor had in his hands. A surrender of securities, therefore, is a direct impairment of the surety's or guarantor's rights. But the case before us is not one of the surrender of securities. The plaintiffs are charged simply with negligence, and in our opinion the defendants' position is not tenable. It may be conceded that, if the plaintiffs had taken the machines into their possession, and while charged with responsibility for their proper custody and disposition, they had negligently allowed the machines to become impaired or destroyed, such negligence would have had the effect to discharge the defendants *pro tanto*. * * * But such case is not before us. We have a case where the holder of paper, who has a lien upon personal property for security, but is charged with no responsibility for its custody or care, fails to enforce his lien, and the security is lost. We have seen no case which goes to the extent of holding that such failure can be set up in defense by a surety or guarantor, nor do we think that such is the law."

Manifestly, if appellant should have had the personalty at the time the contract was executed, or had she obtained it thereafter under the "agreement," or failed to have recorded the mortgage, and loss to the appellee Annie Acklin thereby occurred, then the status would be different. *Central State Bank v.*

*Ford*, 181 Iowa 319. Stating the thought in another way, it may be said that there can be no affirmative relinquishment. Harmonious with these authorities, it is explained in 28 Corpus Juris 1008, Section 169:

" * * * nor, where the guaranty is an absolute one, is it any defense to the guarantor that the creditor has been negligent in regard to protecting and enforcing collateral security."

See *Home Sav. Bank v. Shallenberger*, 95 Neb. 593 (146 N. W. 993.)

Consequently, the accusation made here by appellee Annie Acklin against appellant was negligence. Thus the allegations and the "proof" furnished thereunder are not sufficient to release "the guarantor;" and in view of the fact that, through the process of elimination, said appellee has discarded her other defenses, she must stand or fall on this one. Wherefore, because it is insufficient, she cannot prevail. This is because, in the case at bar, there is nothing requiring appellant to preserve or apply the security, in view of the fact that the guaranty is absolute, rather than conditional.

Other phases of the dispute are argued, but, because of the condition of the record and the ideas already expressed, the result will not be changed.

The judgment and decree of the municipal court is reversed and remanded.—*Reversed and remanded.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.