FOUNDATION PRESS, Appellant, v. ROY BECHLER et al., Appellees.

No. 40475.

DECEMBER 13, 1930.

REHEARING DENIED MARCH 12, 1931.

1218

██ 

*Charles D. Goldsmith,* for appellant.

*Robert Elmer Long* and *Malcolm Currie,* for appellees.

FAVILLE, J.—The appellant sues to recover from the appellees the amount alleged to be due on a certain written instrument, which is attached to and made a part of appellant's petition. Said written instrument is as follows:

"Order For

"The Master Library

"Approved by Leading Educators for Supplementary Use in the Schools

"Shipping Charges prepaid

"P.O. Sac City, Iowa, State Iowa

"The Foundation Press, Inc.

"Cleveland, Ohio. 4 sets Date July 26, 1929.

"Please Ship by P.P. for rural school, District No. 1 to 4 Township Douglas County Sac State of Iowa the 10 volume school edition of the Master Library for which we promise to pay to the order of The Foundation Press, Inc. $59.75 (each set) on or before Sept. 1 1929, plus 6% per annum interest beginning 90 days from shipping date. We agree to pay as follows: $239.00 on delivery and $........on........192.... and the balance on........192 .... *This agreement is not subject to cancellation.*

"Except as stated herein no promise or representation has been made that will affect this order.

"Name and Address of Board Members Personally Guaranteed

| | | |
|---|---|---|
| Pres. Art Longman | P.O. Sac City, Iowa | |
| Sec. R. E. Kiser | P.O. | Roy Bechler |
| Member Roy Bechler | P.O. Sac City, Iowa | No. 3 W. C. Paeper |
| Member W. C. Paeper | P.O. Newell, " | No. 2 Forrest Hines |
| Member Forrest Hines | P.O. Sac City, " | No. 1 Nels Peterson |
| Member Nels Peterson | P.O. " " | |
| Member | | |
| Member | | |

"All Checks must be made payable to the Foundation Press, Inc.

(Reverse Side)

"Valid when signed by a Majority of the Members of Board together with Waiver Herewith.

"The Foundation Press, Date....................., 192....

"Gentlemen: Please ship the Master Library as per our order on reverse side of this sheet, although only a majority of signatures appear on this order. We hereby waive the signatures of the other members.

------------------------------------------------ ------------------------------------------------

------------------------------------------------ ------------------------------------------------

"Report to be filled in by representative

"Ship to (each signature) on or about Sept. 1st, 1929

"Town Sac City, County Sac State Iowa.

"School tax levy in mills ........Spring closing date..................

"I, the undersigned sales representative, hereby certify that this order was taken without misrepresentation, that no erasure has been made which would affect this contract; and that no other understanding exists, either expressed or implied; that it is an approved order; and that I interviewed the above members. "Remarks: Send bill to Secretary for four sets.

"Jean B. Stevenson, Sale Representative"

To said petition the appellees filed a demurrer, the material part of which is as follows:

"The petition shows on its face that, if the defendants are liable to the plaintiffs at all, they are liable only as guarantors. The petition does not allege that the board of directors of Rural School District No. 1 to 4, Douglas Township, Sac County, Iowa, ever ordered the books described in the petition, and therefore there was no principal contract or obligation under which the defendants could be liable as guarantors. The petition shows on its face that the books described therein were shipped to the above described school districts, and this fact, taken in connection with the statements contained in Exhibit A, attached to the petition, shows that the defendants assumed no liability except as guarantors, after the board of directors of said school districts in their official capacity ordered the said books for and in behalf of said school districts.

"Exhibit A, attached to the plaintiff's petition, shows clearly upon its face that no valid or binding contract was ever en-

tered into between the plaintiff and the defendants. The said exhibit states that the alleged order sued upon would be 'valid when signed by a majority of the members of the board, together with waiver herewith.'

"The said exhibit shows on its face that the said books were to be ordered by a majority of the board of directors in their official capacity as directors, before the alleged agreement sued upon by the plaintiff was to be binding upon the defendants. The order to be signed by the members of the board of directors, and the waiver endorsed thereon, was never executed, and Exhibit A specifically states that the alleged agreement with the defendants would not be valid until the said order and waiver were signed. The petition shows upon its face that the agreement sued upon was never signed by any of the board of directors in their official capacity. The petition also shows clearly upon its face that the liability of the defendants under the agreement sued upon was not to go into existence until the order and waiver endorsed upon the order blank was signed by a majority of the board of directors in their official capacity.

"That if, as a matter of law, the defendants did not sign the agreement sued upon as guarantors, then there is a total failure of consideration to the defendants, because the petition alleges that the books in question were shipped to the said school districts, and not to the defendants. The petition shows on its face that no consideration of any kind ever passed to the defendants under the alleged agreement sued upon, and they cannot be held personally liable on a direct obligation unless some consideration passed to them.

"The petition sets out the report of Jean B. Stevenson, sales representative of the plaintiff, who is alleged to have sold the books described in the petition, and the said report contains the following, over the signature of said representative: 'Send bill to secretary for four sets.'

"This statement shows on its face that it was the understanding and intention of the plaintiff and defendants that the plaintiff would look to the board of directors for payment of these books, and that the liability of the defendants under their alleged signatures was to be secondary only,—that is, as guarantors after there was a principal contract between the

board of directors and the plaintiff. The petition shows on its face that no such principal contract was ever executed."

Said demurrer was sustained generally, and the appellant elected to stand on its petition, and refused to plead further; whereupon judgment was entered against appellant for costs.

The case resolves itself into a construction of the written instrument. The petition alleges that the appellant did deliver the library to the school district, as agreed in the written instrument, and that the school district has refused to receive or pay for the same.

What did the appellees "personally guarantee?" On the face of it, the exhibit is an order to the appellant to ship the library in question, and the written instrument recites: "We promise to pay to the order of the Foundation Press, Inc., $59.75, each set." This order purports to be signed by two parties, who are described as "Pres." and "Sec.," and by the four appellees, who are described as "Members." In addition to said signatures, the four appellees, by their separate and individual signatures, without any words of description, signed under the words: "Personally guaranteed." There are other recitals in the written instrument, some of which appear to be on the reverse side of the writing, but the statements therein contained do not appear to limit the terms and provisions of the preceding portion of the instrument, which was signed by appellees. There is a recital on said reverse side as follows,—"Valid when signed by a majority of the members of board, together with waiver herewith,"—apparently followed by a second form of order, which does not appear to have been signed; nor does it appear to have been intended to in any way qualify the preceding order, which appears to be complete in and of itself. The written instrument contains the definite promise to pay to the order of the appellant the amount stated as the purchase price of the books which are ordered to be shipped. The persons who are described by the words "we promise" appear to be those who signed the instrument under the words "Name and address of board members." Whether said parties are legally bound personally, or whether by their act the school district referred to is legally bound, are questions not before us for determination, and respecting which we make no pronouncement whatsoever. It does appear, however, on the face of the instrument, that there was an apparent

promise made to the appellant by the parties who executed said written instrument under the description "Name and address of board members." The appellees, on the face of said written instrument, "personally guaranteed" the performance required under said instrument. The petition alleges that the appellant has fully performed, and the demurrer of appellees admits such performance, for the purposes of said demurrer. It is true that, as a general statement of law, "a guarantor's undertaking is to pay the debt if the debtor cannot." *First Nat. Bank v. Drake*, 185 Iowa 879. But, on the face of the instrument, there purports at least to be a principal debtor, whose promise of performance was personally guaranteed by the appellees. Construing the instrument as we feel we must, we are of the opinion that the appellant's petition stated a cause of action against the appellees individually, and that the court erred in sustaining the appellees' demurrer. What the rights and remedies of the respective parties may be in the further progress of the litigation is a matter with which we have no concern upon this appeal, and upon which we make no pronouncement.

The judgment dismissing the appellant's petition is—*Reversed.*

MORLING, C. J., and STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.